# Woodroof *v.* Hall, *et al.*

## *Appeal from Order Granting New Trial.*

### (Decided Nov. 12, 1908.　47 South. 570.)

1. *New Trial; Grounds; Verdict Contrary to Evidence.*—If the number of trees cut were less than the number named in the complaint, and for which recovery was had, the verdict for plaintiff and the judgment thereon was properly set aside, and a new trial ordered.

2. *Same; Review of Motion Granting a New Trial.*—This court will not reverse a judgment granting a new trial on the ground of insufficiency of evidence unless the evidence plainly supports the verdict.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by James W. Woodroof against N. B. Hall and others. From a judgment setting aside a verdict and judgment for plaintiff, and ordering a new trial, plaintiff appealed. Affirmed.

W. T. SANDERS, for appellant.　The evidence establishes beyond doubt that the land upon which the timber was cut belonged to plaintiff.—*Shelby I. Co. v. Ridley,* 135 Ala. 513; *Higdon v. Kennemar,* 120 Ala. 193; Sec. 4140, Code 1896.　The notice was sufficient as to corporation and partnership, as well as individual notice to the separate defendant.—*Robinson & Co. v. Green,* 43 South. 797.　The corporation is liable civilly for the torts of its agent, committed within the scope of their employment.—10 Cyc. 1205; *Jordan v. A. G. S. R. R. Co.,* 74 Ala. 85; *C. of G. R. R. & B. Co. v. Smith,* 76 Ala. 582; *Southern C. & F. Co. v. Adams,* 131 Ala. 159.　All partners are liable for the penalties incurred by a breach of the statute committed by one partner in the conduct of the partnership business.—22 A. & E. Ency of Law,

168-9; 83 Ala. 406; 43 South. 797.　A verdict should not be disturbed where the evidence plainly and palpably supports it.—*Cobb v. Malone,* 92 Ala. 630; 95 Ala. 147; 98 Ala. 598; 102 Ala. 528; 103 Ala. 563; 105 Ala. 538.

WERT & LINN, for appellee.　The order granting the new trial should not be disturbed.—*A. G. S. R. R. Co. v. Powers,* 73 Ala. 244; *White v. Blair,* 95 Ala. 148; *Cobb v. Malone,* 92 Ala. 633; 96 Ala. 141; 141 Ala. 334. Counsel discuss other assignments of error not necessary to be here set out.

TYSON, C. J.—The plaintiff by this action sought to recover of defendants the statutory penalty, prescribed by section 4137 of the Code of 1896, of $5 per tree for 141 tupelo gum trees cut and destroyed, aggregating the sum of $705.　The verdict of the jury was for that sum.　On motion of defendants, assigning numerous grounds, the verdict and judgment was set aside and a new trial ordered.　It is from that judgment this appeal is prosecuted.

Among grounds assigned were these: "That the verdict was contrary to the evidence; that the verdict was contrary to the weight of the evidence."　There was a conflict in the testimony as to the number of trees cut or destroyed.　Of course, if the number cut or destroyed was less than that named in the complaint and for which the recovery was had, the verdict and judgment thereon was properly set aside.　The rule applicable to this case is that this court will not reverse the judgment granting the new trial, unless the evidence is plainly and palpably in favor of the verdict.　"This rule is founded partly upon the fact that the trial judge's opportunity for pronouncing upon the weight and convincing power of the testimony is better than ours."　He heard the testimony of the witnesses, and had this oppartunity of observing

27 R

[Sigsbee, et al. v. City of Birmingham.]

their demeanor, etc.—*Smith v. Tombigbee & N. Ry. Co.*, 141 Ala. 332, 37 South. 389; *Karter v. Peck*, 121 Ala. 636, 25 South. 1012.

After an examination of the testimony, applying the rule stated, we are unwilling to affirm that the court erred in ordering the new trial.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN. JJ., concur.