(85 South. 460)

PHILIP OLIM & CO. v. C. A. WATSON & SONS. (8 Div. 198.)

(Supreme Court of Alabama. April 8, 1920.)

1. Evidence ⬅181—Copies of records inadmissible in evidence where no predicate is laid.

Where no predicate is laid therefor, copies of warehouseman's records were inadmissible.

2. Appeal and error ⬅1051(6)—Improper admission of secondary evidence harmless, where fact otherwise proved.

The improper admission of secondary evidence, without any predicate being laid therefor, is harmless, where the facts sought to be established by such evidence were abundantly established by other evidence.

3. Pleading ⬅409(1)—Defendant entitled to verdict on proof of averments of defective plea.

Though the plea in an action of assumpsit for purchase price of apples sold was defective, whether regarded as one of rescission or recoupment, yet, where there was no demurrer, defendant on proof of the averments thereof is entitled to a verdict.

4. Sales ⬅272—Implied warranty where goods are sold by description.

Where apples were sold by description, and buyer had no opportunity to inspect, there was an implied warranty that they were merchantable.

5. Sales ⬅273(3) — Implied warranty that fruit will keep.

Where the correspondence between parties demonstrated that apples were sold for resale, there is an implied warranty that they will keep for a reasonable time.

6. Sales ⬅284(1)—On issue of breach of warranty it is immaterial whether title passed.

In assumpsit for the purchase price of apples, where a breach of implied warranty that they were merchantable and that they would keep was relied on, on the issue of whether the condition of the apples at the time of their appropriation to defendant's order amounted to a breach of the warranty, it was immaterial whether title passed by appropriation or delivery.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Assumpsit by C. A. Watson & Sons against Philip Olim & Co. for breach of contract in the sale of apples. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The action is stated on the common counts, including a count for merchandise, goods, and chattels sold by plaintiff to defendant on February 11, 1918. Beside the general issue, defendant pleaded breach of an implied agreement for warranty that the apples should be sound and merchantable and of a quality to keep a reasonable time. Wherefore defendant declined to accept them.

The evidence shows that the claim is based upon a contract for the sale of 400 barrels of apples, which were ordered by defendant on February 2, 1918, as follows:

"Kindly keep 200 barrels extra York apples and 200 barrels plain York apples in storage, and we will order them out as we need them. You may ship us 25 barrels of each at once."

On February 5, 1918, plaintiff wrote to defendant, stating that the 50 barrels had been shipped, the bill for same being inclosed, and that bill would be sent later for 175 barrels of plain Yorks and 100 barrels of extra Yorks, and on February 11, 1918, plaintiff wrote to defendant that he inclosed warehouse receipts for 111 barrels best York, and also receipts for 108 barrels plain Yorks with invoice. Copies of these alleged warehouse receipts shown by the warehouseman to be copies of his records of the original receipts were admitted in evidence over defendant's objection that they were but secondary evidence, and the originals were best evidence. No notice was given to defendant to produce the originals, and no predicate laid for their proof by copies.

Plaintiff's evidence tended to show that the apples were sound and good on the day they were transferred to defendant in the warehouse. Defendant's evidence tended to show that the 50 barrels shipped were in bad condition, decaying and unmerchantable when received in Anniston in February, and were not of the classification purchased. De-

fendant declined to order out or pay for the apples left in storage, and, being perishable, the warehouseman sold them for $425, which, less $30 charges, he holds for the owners.

Joseph H. Nathan, of Sheffield, for appellant.

The court erred in admitting copies of the warehouse receipts. 170 Ala. 522, 54 South. 494; 163 Ala. 572, 51 South. 37; §§ 4058, 4059, Code 1907; 89 Ala. 598, 8 South. 148. Charge.1 should have been refused. 197 Ala. 97, 72 South. 343; 196 Ala. 670, 72 South. 305. Appellant was justified in refusing to receive the apples. 201 Ala. 76, 77 South. 372.

Wm. Milliken, of Florence, for appellee.

The receipts were not necessary to complete the sale, and constituted a mere memorandum thereof. 16 Ala. 748; 30 Ala. 430; 129 Ala. 92, 29 South. 783. There was no error in the charges. 129 Ala. 92, 29 South. 783; 177 Ala. 618, 59 South. 273.

SOMERVILLE, J. [1, 2] The trial court clearly erred in allowing plaintiff to put in evidence the copies of the warehouse receipts, without laying any predicate therefor. Thomas v. Williams, 170 Ala. 522, 54 South. 494; A. G. S. R. R. Co. v. Mt. Vernon Co., 84 Ala. 173, 4 South. 356. However, as the receipts were useful only to show a constructive delivery of the apples to defendants, by delivering them to the warehouseman subject to defendants' order, and as that delivery was sufficiently shown by the written correspondence of the parties and other evidence, and there was in fact no controversy thereabout, the error was not prejudicial to defendants.

[3] Plaintiff's evidence made out a prima facie case of sale, delivery, and indebtedness, and the issue reverted to defendants' special plea, setting up breach of an implied warranty that the apples were sound and merchantable, and of a quality to keep a reasonable time. The plea seems to be intended as one of rescission, but whether regarded as a plea of rescission or of recoupment, it is manifestly defective; but no objection was made to it by demurrer, and if defendants could reasonably satisfy the jury of the truth of its averments they were entitled to a verdict.

[4-6] These apples having been sold by description, and the buyers having had no opportunity to inspect them, there was an implied warranty that they were merchantable. Gachet v. Warren, 72 Ala. 288; Troy Grocery Co. v. Potter, 139 Ala. 359, 36 South. 12. So it is a clear implication from the correspondence between the parties that the apples, being for resale in the usual way,

should be in a condition that would keep them sound and salable for a reasonable time for that purpose.

We think that, upon the whole evidence, it was for the jury to determine whether the condition and quality of the apples at the time of their appropriation to defendants' order amounted to a breach of the implied warranty relied on. On this issue, as made by the plea, it was immaterial whether the title to the apples had passed by appropriation, or by delivery to defendants, or not. Magee v. Billingsley, 3 Ala. 679.

We think, therefore, that the trial judge erred in instructing the jury, at the instance of plaintiff, that, if they believed from the evidence "that title to the apples passed to defendants, they shall find for the plaintiff." For this error the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.