(88 South. 740)

### HARP, HARDEE & CO. v. HAAS-PHILLIPS PRODUCE CO. (3 Div. 483.)

(Supreme Court of Alabama. April 21, 1921.)

1. Sales ⚖=161—Delivery to carrier constitutes delivery to buyer.

Deliveries to carriers in response to shipping orders by the buyer were in legal effect deliveries to the buyer.

2. Sales ⚖=378—In seller's action against buyer, plea of seller's breach by delivering unmerchantable fruit held not sufficiently specific.

In a seller's action against buyer for breach of contract, held that defendant's plea upon theory of plaintiff's breach of contractual obligation to deliver merchantable fruit, having knowledge of defendant's purpose to buy and ship with view to resale, should have more distinctly defined the obligation by stating whether it was expressly assumed, or resulted merely from implied warranty.

3. Sales ⚖=378—Where complaint declared upon separable breaches, matter pleaded in set-off and recoupment should distinctly refer to the appropriate breaches.

Where a seller's complaint against buyer declared upon separable breaches by defendant, by failure to pay for fruit actually delivered and by failure or refusal to accept deliveries, the special matters of set-off and recoupment should be distinctly referred in the averments of the pleas to the appropriate assignments of separate breach.

4. Sales ⚖=273(1)—Seller by delivery to buyer impliedly warrants fruit to be fit for shipment and merchantable.

By delivering perishable fruit to carriers for buyer, seller contracted that the fruit would be properly packed, fit for shipment, merchantable and reasonably fit for resale by buyer in the ordinary course of its business; the buyer having no opportunity to inspect until the fruit arrived at destination on the lines of the carriers, and having to rely upon the skill or judgment of sellers to supply commodity engaged.

5. Sales ⚖=266—Where delivery was to carrier as buyer's agent, there was no implied warranty on the part of seller against deterioration in transit.

Where seller made delivery to carrier for buyer, in the absence of evidence that the parties contemplated that seller should assume risk of deterioration in transit other than resulting from improper packing or unfitness at the place of delivery for shipment, there is no implied warranty that seller assures buyer against deterioration in transit.

6. Appeal and error ⚖=1015(1)—Grant of new trial not disturbed, unless evidence manifestly in favor of verdict.

An order granting a new trial will not be disturbed on appeal unless the effect of the whole evidence is manifestly and palpably in favor of the verdict.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Action by Harp, Hardee & Co., against Haas-Phillips Produce Company, for breach of contract. There was judgment for the plaintiff, which on motion of the defendant was set aside, and new trial ordered, from which order plaintiff appealed. Affirmed.

The following pleas are directed to be set out:

(8) For further answer, defendant says that a large part of the oranges shipped by plaintiffs to defendant were spoiled, affected by disease, and unmerchantable, and defendant from time to time, as the oranges were received during the course of the dealings between it and plaintiffs, had to have the oranges reworked or repacked, at a great expense, and defendant from time to time wrote and informed plaintiffs of the condition of said oranges, and the fact that they had to be reworked or repacked, and made claim against the plaintiffs, for the expenses of repacking, and for an allowance or deduction from the original price on account of the unmerchantable oranges. And defendant avers, from time to time after receipt of oranges from plaintiffs, it sent to plaintiffs an account of sales, showing the amount claimed by defendant to be due it on account of repacking and spoiled oranges, and remitting with said·account of sales a check payable to the order of plaintiffs in payment of the balance shown by said account of sales to be due from defendant to the plaintiffs; and defendant avers that plaintiffs from time to time·accepted said checks without complaint. And defendant further avers that during the course of the dealings mentioned between defendant and plaintiffs a dispute arose.between them as to whether or not the said oranges shipped were unmerchantable, and as to the amount the defendant owed the plaintiffs; and defendant further avers that during the pendency of said dispute between plaintiffs and defendant, defendant made out an account of sales, with check to cover, on all oranges that has been previously delivered by the plaintiffs to the defendant, and sent said check and account of sales to plaintiffs, with the statement that the matter was closed so far as the defendant was concerned; and defendant avers that the plaintiffs accepted said check without ·objection, and has ever retained the same; wherefore defendant says there has been an accord and satisfaction of the demand sued on.

(9) For further answer defendant says that during the course of dealings between plaintiffs and defendant in the carrying out of the contract mentioned in the complaint, plaintiffs shipped to the defendant large quantities of oranges as in performance of the contract,

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but defendant avers that a large part of said oranges so shipped were spoiled, affected by disease, and unmerchantable, and defendant from time to time notified plaintiffs of these facts, and made claim against plaintiffs for damages on account of the oranges that were unmerchantable and for the expenses incurred by defendant in having the-said oranges repacked; and defendant avers that a dispute arose between plaintiffs and defendant as to the amount of defendant's claim for damages, and the expense of repacking, and as to the amount of defendant's claim against the plaintiffs for oranges shipped; and defendant avers that while said dispute was pending, defendant made out an account of sales, showing in detail the claim for damages on account of unmerchantable oranges, and the expense of repacking made by defendant against plaintiffs, and inclosing a check according to said account of sale, or the balance admitted to be due from the defendant to the plaintiffs, and wrote to the plaintiffs that the said check was sent as a disposition of the matter; and defendant avers that the plaintiffs accepted said check without objection, and have ever since retained the same; wherefore defendant says there has been an accord and satisfaction of the demand sued on by the plaintiffs.

(10 Defendant avers that at the time of the institution of this suit plaintiffs were indebted to it in the sum of, to wit. $5,000, as damages for the breach by plaintiffs of the contract sued upon, in this: Said fruit was sold, or to be sold, defendant for the purpose of resale by him as a merchant, as was well known to plaintiffs, and that by the said contract, plaintiffs were obligated to deliver to defendant sound merchantable fruit, which defendant avers plaintiffs have failed to do, to the damage of the defendant in the sum aforesaid, and which said sum defendant offered to set off or recoup against the demand of the plaintiffs, and it claims judgment for the excess.

(11) Defendant avers that at the time of the institution of this suit plaintiffs were indebted to it in the sum of. to wit, $5.000 as damages for the breach by plaintiffs of the contract sued upon, in this: Said fruit was sold. or to be sold, defendant for the purpose of re sale by it as a merchant, as was well known to plaintiffs, and that by the said contract plaintiffs were obligated to deliver to defendant sound, merchantable fruit; and defendant avers that plaintiffs have delivered to defendant only, to wit, 4.961 boxes of oranges, 337 boxes of grapefruit, and 166 boxes of tangerines, and that the oranges so delivered were not sound, merchantable oranges, but were decayed or diseased; and plaintiffs have failed or refused to deliver to defendant the remainder of the fruit stipulated to be delivered under said contract, though requested by defendant so to do; and defendant avers that it has complied with the terms of the said contract in so far as it was required to do, and was at all times ready to receive, and ready, able, and willing to pay for, the same in accordance with the terms of said contract; and it avers that for the failure of plaintiffs to have delivered the fruit, as by the said contract they were required to do, the defendant has suffered damages in the sum aforesaid, which sum it offers to set off or recoup against the demand of plaintiffs, and it claims judgment for the excess.

Arrington & Arrington, of Montgomery, for appellant.

The plaintiff made a prima facie case by showing delivery, f. o. b. loading station, of the fruit in sound merchantable condition. properly packed and loaded. 85 South. 460. This being true, the defendant must show that the fruit was properly handled in transit and that no exceptional or accidental thing caused the condition complained of while in transit. 100 Ala. 227, 14 South. 56; 74 Ala. 390; 201 Ala. 419, 78 South. 797; 71 Ala. 80; 65 Ala. 570; 10 Ala. 155; 27 Ala. 520; 93 Ala. 426, 8 South. 865; 98 Ala. 574, 14 South. 619; 123 Va. 241, 96 S. E. 277. In order to defend because of disease or unsound condition, that condition must have existed before or at time of shipment. 3 Ala. App. 469, 57 South. 114; 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60; 195 Ala. 157, 69 South. 964; 18 Ala. 264. There was no warranty against deterioration during shipment. 24 R. C. L. 1919; 179 Iowa, 422, 161 N. W. 486; 231 Mass. 65, 120 N. E. 407, 5 A. L. R. 1100; 108 Pa. 332, 56 Am. Rep. 210.

Steiner, Crum & Weil, of Montgomery, for appellee.

The defendant was entitled to the affirmative charge. 177 Ala. 364, 58 South. 425. The court will not disturb the finding made on conflicting evidence. 95 Ala. 147, 10 South. 257; 141 Ala. 332, 37 South. 389; 149 Ala. 604, 42 South. 1013, 9 L. R. A. (N. S.) 213, 123 Am. St. Rep. 67; 151 Ala. 311, 44 South. 37; 157 Ala. 416, 47 South. 570. The verdict was contrary to the law of the case. 148 Ala. 527, 41 South. 683; 202 Ala. 681, 81 South. 637; 199 Ala. 28, 73 South. 976; 72 Ala. 288; 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54; 159 Ala. 498, 49 South. 92; 204 Ala. 179, 85 South. 460.

McCLELLAN, J: [1] This appeal is from an order granting motion for a new trial, the plaintiffs (appellants) having been awarded verdict and judgment against the defendant, appellee. The subject of the special contract involved, the breach of which is declared on, was oranges and grapefruit that were grown or to be grown in the state of Florida. The plaintiff firm, domiciled in that state, the sellers, were dealers in, or producers of, such fruit. The defendant corporation, the buyer, was a wholesale dealer in fruits, with its place of business in Montgomery, Ala. The places of delivery of ordered quantities (of the larger quantity engaged) were "loading stations in Florida," the effected deliveries to the carriers—in response to shipping orders communicated during the stipulated season by the buyer—being in legal effect deliveries to the buyer, the defendant. Capehart v. Furman Imp. Co., 103 Ala. 671, 674, 675, 16 South. 627, 49 Am. St. Rep. 60, among others. The deliveries

of a part of the fruit and receipt thereof by the buyer were admitted. There was evidence going to show that the buyer (defendant) advised the sellers (plaintiffs) of its refusal to receive the remainder of the fruit then undelivered, with directions to the sellers to discontinue shipments under the contract. It is averred in the complaint, in assertion of the damages claimed, as follows:

"That defendant has failed and refused to pay plaintiffs a balance of $3,981.65 due on the purchase price of the said fruit actually delivered, and has failed and refused to pay plaintiffs the damages sustained by plaintiffs by reason of defendant's refusal to take and pay for the remainder of said fruit contracted for, the said damages for defendant's failure and refusal to take said remainder amounting to $5,056.02."

[2] In addition to general traverse of the complaint the defendant's special pleas 8, 9, 10, and 11 defined the issues in the cause. The report of the appeal will reproduce these pleas. Their sufficiency does not appear to have been tested by demurrer. The first two (8 and 9) are avowedly pleas of accord and satisfaction. Plea 10 proceeds upon the theory of a breach in respect of plaintiffs' contractual obligation to deliver merchantable fruit, having knowledge of defendant's purpose to buy and ship with a view to its resale to its trade. This plea might well have more distinctly defined the obligation averred, viz. whether it was expressly assumed, or whether it resulted from implication, an implied warranty (McCaa v. Elam, 114 Ala. 74, 86, 21 South. 479, 62 Am. St. Rep. 88), and, also, if the pleader's object was to assert a breach elsewhere than at the place of delivery alleged in the complaint, viz. "loading stations in Florida," this plea's structure might well have precluded possible doubt in this particular.

Plea 11 is of the like general character as plea 10, embracing, however, additional allegations of material import.

[3] In view of our conclusion that the action of the court in granting a new trial cannot be disturbed, for the reason to be stated, it may further be observed that since the complaint declared upon separable breaches by defendant, viz. (a) for failure to pay for the fruit actually delivered, and (b) for failure or refusal to accept future deliveries in averred fulfillment of the contract, the special matters of set-off and recoupment should be distinctly referred in the averments of the pleas to the appropriate assignment of separate breach. This would materially contribute to a satisfactory definition of the issues that are properly litigable between these parties.

[4] The plaintiffs (sellers) impliedly warranted that at the time of contemplated delivery "at loading stations in Florida" of the perishable commodity contracted for it would be properly packed, would be fit for shipment and merchantable, reasonably fit for the purpose of resale by defendant in the ordinary course of its business, a purpose, including shipment, of which the plaintiffs were aware at all stages; the defendant (buyer) having no opportunity to inspect the fruit until its arrival at directed destination on the lines of the carriers, and relying upon the judgment and skill of the sellers to supply the commodity engaged. Gachet v. Warren. 72 Ala. 288, 292; Frith v. Hollan, 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54; Baer v. Mobile Mfg. Co., 159 Ala. 491, 498, 49 South. 92; 2 Mechem on Sales, §§ 1265, 1298, and notes; Benjamin on Sales (3d. Am. Ed.) § 659; Freeman's Annotation, 102 Am. St. Rep. pp. 611, 612; 35 Cyc. p. 399; 24 R. C. L. p. 191; 15 Am. & Eng. Ency. Law, pp. 1229, 1930.

[5] In the absence of evidence going to show that the parties contemplated the assumption by the seller of the risk of the commodity's deterioration in transit (beyond the place of stipulated delivery) otherwise than in consequence of or resulting from improper packing or unfitness at the place of delivery for shipment, there is no implied warranty binding the seller to assure the buyer against deterioration of the commodity pending its transportation from the place of stipulated delivery to the place whereat its resale or use is to be accomplished by the buyer. 2 Mechem on Sales, supra; Benj. on Sales, supra; 24 R. C. L. supra; Freeman's Annotation, supra. The time, the place at which the satisfaction by the seller of the enumerated implied warranties, is the time and place the commodity leaves the possession of the seller. Benj. on Sales, § 659; 2 Mechem on Sales, § 1298; 24 R. C. L. p. 191. Evidence of the subsequent appearing or developing condition of the perishable commodity is, of course, serviceable to show what the condition was at the time and place the possession passed from the seller, and hence to contribute to the solution of the issue whether the warranties enumerated were in fact satisfied.

In Ashford v. Shrader Co., 167 N. C. 45, 83 S. E. 29, the action was by the buyer against the seller; and it is not clear from the opinion or the report of the case whether the place of delivery of the oranges to the buyer was some point in Florida or at Newbern, North Carolina, a factor of material importance in that case as in this. From the trial court's instruction of the jury it would appear that the Florida dealer engaged to deliver the oranges in North Carolina, thereby binding the seller through an implied warranty of merchantability to be ascertained at Newbern, N. C., quite different in this particular from the case here under review, where the place of delivery was in Florida for shipment elsewhere.

The unqualified approval given the instruction refused defendant (buyer) in Truschel v. Dean, 77 Ark. 546, 92 S. W. 781, concluded the seller (plaintiff) by an implied warranty so extensive as to bind the seller, who was to deliver grapes, f. o. b. Portland, N. Y., for shipment to defendant at Ft. Smith, Ark., to the "merchantable condition" of the grapes "upon arrival at Ft. Smith, Ark." This declaration of implied obligation goes beyond the sounder doctrine hereinabove stated; and hence that decision is not acceptable. As we read them, the authorities cited in the Truschel-Dean Case do not sustain the unqualified approval the mentioned (refused) instruction was accorded, and upon which the reversal was rested.

The recent pronouncement of this court in Philip Olim & Co. v. Watson, 204 Ala. 179, 85 South. 460, affirms nothing to the contrary of the doctrine we approved. Recourse to the original transcript confirms the conclusion there given effect. It is pointed out in the opinion that special plea 2 was not tested by demurrer. Its averments were as follows:

"That this action is founded on a contract for the sale of 400 barrels of apples sold by plaintiff to defendant by correspondence and *sample*. That there was an implied contract that the apples when delivered should be sound and merchantable *and of the quality to keep a reasonable time until disposed of by defendant to the retail trade*. That plaintiff disregarded its duty in this behalf, and attempted to deliver apples that were not sound and merchantable, which defendants declined to accept." (Italics supplied.)

The court found in the evidence support for the italicized feature of the quoted plea. In the concrete that case and this.may be also otherwise discriminated.

It is evident, we think, that the defendant was not entitled to the general affirmative charge on the theory that there was no evidence whatsoever of a breach or breaches of the contract, or that the breaches were waived by the plaintiffs.

[6] Upon the issue whether the fruit actually shipped was effected with inherent, yet latent, later developing defect or disease, the evidence was in conflict. The ruling granting the motion for new trial may be referred to the ground presenting for review by the trial court the question whether the evidence was sufficient to justify the verdict in that material respect. On review here of the action of the trial court in such circumstances the rule is that the action taken will not be disturbed on appeal unless the effect of the whole evidence is manifestly and palpably in favor of the verdict. Woodroof v. Hall, 157 Ala. 416, 47 South. 570, among others. In view of the retrial likely to occur, we forbear further comment other than

to say that, without intimating an opinion on the relative weight of the conflicting evidence bearing upon this issue, it cannot be affirmed on this appeal that the evidence was so palpably in favor of the verdict as to forbid the trial court's annulling the verdict in response to the motion.

For the reason stated, the judgment granting the new trial is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.