(92 South. 645)

## ARMSTRONG v. WILCOX. (3 Div. 561.)

(Supreme Court of Alabama. April 27, 1922.)

Sales ⛓202(6)—Title does not pass until delivery at destination point, where seller draws for price with bill of lading attached.

Even though goods are consigned to the purchaser, yet, if the vendor draws for the price, bill of lading attached, this sufficiently evidences his intention to reserve title and right of disposition until the draft is paid.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by F. C. Armstrong against M. P. Wilcox to recover the price of a carload of fruit. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Both counsel for appellant and appellee agree that the following constitutes the contract between the parties:

"Terra Ceia, Fla., 12/4/16.

"To M. P. Wilcox, Montgomery, Ala.: Replying to letter of the first, can start you car tomorrow one hundred seventy five boxes grapefruit, balance car oranges, most desirable sizes Brights and Fancy each two dollars, Goldens one seventy five F. O. B. cars here, while oranges and grapefruit on the rise will get you the other two cars mainly oranges on same terms have your bank wire Manatee County State Bank Honor my draft against bill lading advise quick that I may know by eleven a. m. to-morrow.       F. C. Armstrong."

The defendant replied by telegram as follows:

"Montgomery, Ala. Dec. 4—1916.

"F. C. Armstrong. Terra Ceia Fla. Will accept car hundred seventy five boxes, desirable sizes fancy brights grapefruit balance car oranges will pay for car on arrival if accept must have immediate answer and car number.       "M. P. Wilcox."

This telegram was confirmed by letter as follows:

"Montgomery, Ala., Dec. 4, 1916.

"Mr. F. C. Armstrong, Terra Ceia, Fla.— Dear Sir: I am wiring you to-night as follows: 'Will accept car one hundred and seventy five boxes desirable sizes fancy brights grapefruit balance car oranges. Will pay for car on arrival. If accept must have immediate answer stating car number.'

"I do not see any reason why I should send you bank guaranty. I will pay for the car on arrival although I am paying you too much for the oranges.

"Yours very truly,       M. P. Wilcox."

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The title passed at once to the buyer when the fruit was consigned to him, and the risk

of loss or damage passed with the title. 191 Ala. 429, 67 South. 589; 205 Ala. 573, 88 South. 741; 23 R. C. L. 423; 6 Port. 138; 35 Cyc. 316. Under a contract of shipment "f. o. b." the place of shipment, title passed at that place. 3 Ala. App. 409, 57 South. 400; 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60; 146 Ala. 513, 40 South. 987; 198 Ala. 282, 73 South. 498.

Steiner, Crum & Weil, of Montgomery, for appellee.

The trial court took the proper view of the contract, and its judgment should be affirmed. 16 Ala. App. 278, 77 South. 428; 202 Ala. 366, 80 South. 448; 5 Ala. App. 444, 59 South. 746; 86 Ala. 257, 5 South. 685; 72 S. C. 450, 52 S. E. 191; 115 Miss. 647, 76 South. 565; 47 N. Y. 636.

SAYRE, J. This was an action by Armstrong for the price of a carload of fruit shipped by him from Terra Ceia, Fla., to Wilcox at Montgomery, Ala. The evidence went to show that much of the fruit was spoiled when it reached Montgomery, though in prime condition when loaded into the car. Defendant refused to accept the fruit, and the sole question presented for consideration is whether, as between the parties, the shipment was at the risk of plaintiff or defendant.

Omitting some preliminary correspondence, not necessary to be stated, the effect of what passed between the parties by wire and mail—to appear more fully in the report—was as follows: Plaintiff, at Terra Ceia, announced his readiness to ship a carload of fruit to defendant, "f. o. b. cars here," adding: "Have your bank wire Manatee County State Bank honor my draft against bill of lading." Defendant replied: "Will accept * * * will pay for car on arrival if accept must have immediate answer and car number." Plaintiff then wired: "Replying, shipping" fruit in car (described) "accepting payable arrival bill lading attached." Plaintiff shipped the fruit, taking a bill of lading showing consignment to defendant, and thereupon drew on defendant for the price, depositing his draft with the bank, "bill of lading attached," for transmission and presentation to defendant. Payment was refused, after which this suit.

Bases for their respective contentions are laid by plaintiff and defendant in these facts in the main and without substantial modification: (1) Plaintiff offered to ship, and upon defendant's acceptance did ship, "f. o. b. cars" at Terra Ceia, consigning the shipment to defendant at Montgomery; but (2) defendant's acceptance was to pay for the fruit on arrival, and thereupon plaintiff, shipping the fruit, drew on defendant for the price, "bill of lading attached."

---

⛓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is to be conceded that, had plaintiff consigned the shipment as shown in the first statement of facts, and without modifying circumstance, such consignment would have shown an intention on the part of plaintiff to deliver to defendant at Terra Ceia. Harp-Hardee & Co. v. Haas-Phillips Produce Co., 205 Ala. 573, 88 South. 740; Capehart v. Furman Imp. Co., 103 Ala. 671, 16 South. 627, 49 Am. St. Rep. 60. But the facts thus hypothesized are by no means conclusive in all circumstances. If the question at issue were altogether one of mutual intention, it might be possible, if necessary, to reconcile defendant's stipulation for payment on arrival at Montgomery with an intention to accept the fruit at Terra Ceia—for title may pass without payment—still, defendant's reply beginning "Will accept" was in truth a counter proposal, implying, not only that he would take the fruit on his own terms, but also, and necessarily, that he would not assent to the terms of plaintiff's original offer (Payne v. Zimmern [Ala. Sup.] 92 South. 433 [1]), and would seem to indicate his intention to accept only after delivery at Montgomery, and, in our judgment, the fact that plaintiff thereafter drew for the price, "bill of lading attached," looks quite conclusively to the same result (Robinson v. Pogue, 86 Ala. 257, 5 South. 685; Veitch v. Atkins Grocery Co., 5 Ala. App. 444, 59 South. 746, opinion by De Graffenried, J., later on this bench).

However, this question does not necessarily depend on mutuality of intention, for, as said in Cayuga Bank v. Daniels, 47 N. Y. 631:

"It is not the agreement to ship that confers the title, although such agreement is founded upon a good consideration; but the actual shipment, accompanied by an unconditional consignment in pursuance of such agreement, which proves that the delivery to the carrier was with intent to give the consignee a right of property free from any condition whatever, the owner * * * being free to ship the property or not."

The court adds that, if the vendor consigns in pursuance of an agreement, "he may impose any conditions upon the consignment he chooses, and that such consignee can acquire title to the property only by performing such conditions." And, as between vendor and purchaser, the authorities leave no room to doubt that, even though goods are consigned to the purchaser, yet, if the vendor draws for the price, bill of lading attached, this is sufficient—in the circumstances of this case, conclusive—evidence of his intention to reserve the title and right of disposition until the draft is paid. Greenwood Grocery Co. v. Canadian County Mill, 72 S. C. 450, 52 S. E. 191, 2 L. R. A. (N. S.) 79, 110 Am. St. Rep. 627, 5 Ann. Cas. 261, and editorial note, where American and English cases are cited.

It follows that the trial court took the correct view of the case in holding that the point of delivery of the carload of fruit in controversy was Montgomery, and not Terra Ceia, and hence that the shipment, pending such delivery, was at plaintiff's risk.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.