(122 So. 313)
### GAY v. CUMMINGS. (5 Div. 712.)

Court of Appeals of Alabama. Nov. 20, 1928.

Rehearing Denied Dec. 11, 1928.

Hooton & Moon, of Roanoke, for appellant.

Van & Parker, of Roanoke, for appellee.

BRICKEN, P. J. The appellant sued appellee in the circuit court of Randolph county, Ala., on the common counts for account, account stated, services rendered, and work and labor done. All of the actions are in form ex contractu.

To the complaint, as a whole, the appellee interposed a plea in abatement denying the jurisdiction of the circuit court of Randolph county, and alleging that the defendant is a resident of Etowah county, Ala., and that defendant had a permanent residence in Etowah county at the time the alleged cause of action arose, and at the time the suit in this cause was filed, and concluded with a prayer that the summons and complaint in this cause be quashed.

No objection to the sufficiency of this plea was taken by demurrer or otherwise, but appellant joined issue thereon.

Upon a hearing on said plea, the evidence introduced established without dispute the truth of the averments thereof, and the trial court rendered judgment sustaining the plea, and quashing the summons and complaint. From such judgment, this appeal is taken.

Section 10467 of the 1923 Code of Alabama provides that: "All actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant or one of the defendants resides, if such defendant has within the State a permanent residence. * * *" Appellee's plea was drawn under this provision of the statute.

As stated above, this plea was addressed to the complaint as a whole, and no question was raised as to its sufficiency in setting forth matter in abatement to the counts for work and labor done by reason of its failure to exclude the hypothesis that the work may have been done in Randolph county, and hence suable for in the county under the provisions of section 10468 of the 1923 Code of Alabama, which latter statute permits actions for work and labor done to be brought in the county in which the work was done.

Under this state of the proceedings, the sole question for the determination of the trial court was the truth, vel non, of the defendant's plea in abatement. The evidence establishing its truth being without dispute, defendant was entitled to judgment thereon. Philip Olim & Co. v. C. A. Watson & Sons, 204 Ala. 179, 85 So. 460.

The court ruled correctly in sustaining the defendant's objection to the question propounded by the plaintiff to the defendant on cross-examination, as follows: "Mr. Cummings, at the time of making this debt what were you doing in Randolph County?" Such question improperly assumed the existence of a fact, namely, the making of a debt, of which there was no evidence. Marsh v. State, 16 Ala. App. 597, 80 So. 171, certiorari denied Ex parte Marsh, 203 Ala. 699, 83 So. 927.

Affirmed.