No. 3633

Second Circuit

___

U. KOEN & CO., INC., v. NEW WINN-
FIELD DRUG CO.

___

(January 31, 1930. Opinion and Decree.)
(March 24, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Re-
view Refused by Supreme Court.)

___

A. Leonard Allen, of Winnfield, attorney for plaintiff, appellee.

Moss & Moss, of Winnfield, attorneys for defendant, appellant.

WEBB, J. Plaintiff instituted this action to recover judgment against defendant for the price of merchandise alleged to have been sold and delivered to defendant.

The record shows that defendant, whose place of business is at Winnfield, La., ordered the merchandise from plaintiff, whose place of business is at New Orleans, La., and that plaintiff had the manufacturer of the merchandise ship it from Winston-Salem, N. C., and, while there was some evidence introduced tending to show that the merchandise had been delivered by the carrier to defendant, the weight of the evidence shows that the merchandise was not delivered, and the evidence indicates that the shipment was lost in transit, and the right of plaintiff to recover is, we think, dependent upon whether or not the title or ownership of the property passed to defendant when it was delivered to the carrier by the manufacturer at Winston-Salem.

Defendant and appellant argues that the bill of lading was taken in the name of plaintiff, and that the title or ownership of the merchandise did not pass to defendant on delivery of the shipment by the manufacturer to the common carrier at Winston-Salem, while plaintiff and appellee argues that the shipment was consigned to defendant, and that, in default of proof of the intention of the parties to the contrary, the title or ownership of the mer-

chandise passed to defendant when it was delivered to the carrier.

The bill of lading was not offered in evidence, and it was not shown that the shipment was consigned to defendant, but it was conceded in argument that the bill of lading was sent to plaintiff, and it does not appear to have been forwarded to defendant, and the only evidence indicating that it was the intention of the parties that the title or ownership of the property should pass to defendant on delivery of the merchandise by the manufacturer to the carrier is that defendant had called on the connecting carrier for delivery of the merchandise, which does not, however, we think, show that it was the intention of the parties that the title to the property should pass to defendant on delivery to the carrier.

Plaintiff carried the burden of proof to show that the title or ownership of the property passed to defendant when it was delivered to the carrier, and, in the absence of evidence establishing that such was the agreement of the parties, or that the bill of lading directed that the shipment be delivered to defendant, it cannot be presumed that the title or ownership of the property passed to defendant on delivery to the carrier, and that the shipment was at defendant's risk. See Act No. 94 of 1912; First Nat. Bank vs. Henderson, 157 La. 394, 102 So. 501.

We are therefore of the opinion that, the evidence establishing that the merchandise was not received by defendant, and plaintiff failing to establish that it was the intention of the parties that the title or ownership of the property should pass to defendant ᴀu delivery to the carrier, or that under the bill of lading the merchandise was deliverable to defendant, plaintiff cannot recover.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that plaintiff's demands be rejected, at its cost.