OVERTON, J.
 

 This is a suit to recover $25,182, with 10 per cent, attorney’s fees and 2 per cent, a month interest, for a tax, alleged to be due on malt, under Act No. 4 of the Extra Session of 192S, by the Federal Sales Company, a foreign corporation, domiciled at Gulfport, in the state of Mississippi. The suit is coupled with a writ of attachment, under which about 1,-000 cases of Blue Ribbon Malt Syrup, in the Appalachian warehouse, located in New Orleans, was seized to satisfy the tax alleged to be due. Defendant being a nonresident, a curator ad hoc was appointed to represent it on whom service of citation was made. The Premier Malt Sales Company of Chicago, 111., intervened in the suit, claiming ownership of the malt.
 

 The record discloses that the Premier Malt Sales Company, at the time of the seizure, was the holder of a negotiable bill of lading, covering the shipment, showing that the malt was consigned by the Premier Malt Products Company, a manufacturing subsidiary of the Premier Malt Sales Company, to the order of the latter company, destination New Orleans, with instructions to notify the Federal Sales Company, % Appalachian Warehouse, at New Orleans, La. The bill of lading was indorsed by the Premier Malt Sales Company to the order of the Whitney Central Trust
 
 &
 
 Savings Bank, New Orleans, La., and was forwarded to the bank, attached to a draft on the Federal Sales Company and to an invoice, with instructions to deliver the bill of lading upon payment of the draft. At the time the malt was attached as the property of the Federal Sales Company, the draft was still in the hands of the bank unpaid, and the bill of lading had not been surrendered.
 

 Plaintiff does not question that the shipment was made as outlined, but takes the position that the manner in which the transaction was conducted is a mere scheme to conceal the true ownership of the property, which it urges is the property of the Federal Sales Company, notwithstanding the draft apparently had not been paid, and the bill of lading had not been surrendered. The record, however, does not substantiate plaintiff’s position.
 

 We feel safe in holding, under the facts before us, that the malt, which was seized, is the
 
 *924
 
 property of the Premier Malt Sales Company. Act No. 94 of 1912, the Uniform Bills of Lading Act, in section 40 thereof, provides that: “Where by the bill the goods are deliverable to the seller ot to his agent, or to the order of the seller or of his agent, the seller thereby reserves the property in the goods.”
 

 In this ease the Premier Malt Sales Company had not parted with its property, when the seizure was made. It is entitled to be recognized as the owner of the malt. The trial judge so thought and rendered judgment accordingly, and also judgment dissolving the attachment.
 

 The judgment is affirmed, but without costs to plaintiff in this or the lower court.