144 So. 810

**CHAPMAN et al. v. NITRATE AGENCIES CO.**

4 Div. 638.

Supreme Court of Alabama.

Nov. 17, 1932.

Rehearing Denied Dec. 22, 1932.

[1] Ante, p. 160.

Mulkey & Mulkey, of Geneva, for appellants.

Carmichael & Tiller, of Geneva, for appellee.

BOULDIN, J.

The substantial question involved is the right of the seller, under the facts of the case, to recover of the buyer the price of merchandise destroyed while in transit without the fault of either.

If not otherwise stipulated, the risk of loss follows the title. Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273; Foley v. Felrath, 98 Ala. 176, 13 So. 485, 39 Am. St. Rep. 39; Magee v. Billingsley, 3 Ala. 679.

In whom, then, was the title at the time of the loss?

During the summer of 1928, Nitrate Agencies Company, the seller, and C. D. Chapman & Co., the buyer, entered into a contract in writing for the sale of nitrate of soda, to be delivered during the spring of 1929 by shipments from Pensacola, Fla., to Geneva, Ala.

A car of 25 tons reached Geneva, via the L. & N. Railroad, on the day before the heavy rains culminating in the great flood of March, 1929. . The waters rose to several feet in the car and wholly destroyed the shipment.

The contract stipulated: "Terms: Net cash, payable by sight draft attached to order notify bill of lading."

Accordingly, the shipment was made by bill of lading issued to Nitrate Agencies Company, consignor, and "Consigned to order of Nitrate Agencies Company," the seller, with order "Notify C. D. Chapman & Company," the buyer, at Geneva, Ala.

This bill of lading, indorsed "Nitrate Agencies Company," and attached to sight draft for the price, was sent through banking

channels for collection. The draft was not paid, nor bill of lading surrendered to the buyer.

By the settled law of Alabama, this evidences a sale for cash at the point of destination. The title remains in the seller until the buyer pays the draft, and thereupon becomes entitled to the bill of lading, the evidence of ownership, without which he cannot obtain possession of the property. Howell v. Home National Bank, 195 Ala. 73, 70 So. 686; Sessoms Grocery Co. v. International Sugar Feed Co., 188 Ala. 233, 66 So. 479; Armstrong v. Wilcox, 207 Ala. 390, 92 So. 645; E. T. Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666; Louisville & N. R. Co. v. Sarris & Collas, 209 Ala. 217, 95 So. 903; Robinson & Ledyard v. Pogue & Son, 86 Ala. 257, 5 So. 685; Jones & Co. v. Brewer, 79 Ala. 545; Industrial Finance Corporation v. Turner, 215 Ala. 460, 100 So. 904.

Appellee insists this transaction was governed by the laws of Louisiana, and offered in evidence certain statutes of Louisiana defining sales. We need not consider whether the law of Alabama or the law of Louisiana governs; nor the proper construction of the statutes of Louisiana, if governed by the laws of that state.

No decisions of the Supreme Court of Louisiana were introduced in evidence, but on examination we find the late decisions of that court are in full accord with those of Alabama and the well-nigh universal rule elsewhere, that, in case of shipment on "order notify" bill of lading, attached to sight draft, the title remains in the seller until the draft is paid. State v. Federal Sales Co., 172 La. 921, 136 So. 4; First Nat. Bank of Longview, Tex., v. Henderson Cotton Oil Co., 157 La. 394, 102 So. 501; U. Koen & Co. v. New Winnfield Drug Co., 13 La. App. 233, 125 So. 764; note to 60 A. L. R. 677; 55 C. J. 588.

The original contract contained this provision: "Each lot shall be considered a separate sale or contract, but sellers have and retain a continuing lien for the purchase price upon all nitrate of soda covered by this contract, with the right in case any lot shall not be paid for in accordance herewith, to cancel this contract as to such lot or as to any other then undelivered lot or lots or portion of this contract or any other contract outstanding with buyer above named."

It is urged that the reservation of a "lien" is inconsistent with title or ownership in the seller.

It will be observed the provision contemplates a cancellation of the contract as to any lot not paid for, as well as all further obligations under the contract.

■ Sound rules of construction would give a field of operation to all the provisions of a contract. So we consider the lien clause above cumulative, rather than contradictory to or restrictive of the positive provisions constituting this a cash sale, title to pass only on payment. This was the form actually followed when shipping time came.

This suit was brought by the buyer to recover a deposit of $5 per ton made with the seller at the time of the original contract of August 2, 1928, to bear 6 per cent. interest.

The trial court sustained a plea of set-off or recoupment for the price of the nitrate of soda, and rendered judgment in favor of the seller. In this there was error. It follows the plaintiff was entitled to recover his deposit.

The judgment is reversed, and one here rendered in favor of C. D. Chapman & Co., plaintiff, against Nitrate Agencies Company, a corporation, defendant, for the sum of $157.10, together with the costs of suit in the court below, and the costs of appeal in this court and the court below.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.