(92 South. 437)

### ZIMMERN v. SOUTHERN RY. CO.
### (1 Div. 212.)

(Supreme Court of Alabama. Dec. 22, 1921. Rehearing Denied Jan. 19, 1922.)

**1. Trover and conversion ⬾45—Measure of damages market value at place of conversion.**

Generally, the measure of damages for conversion is the market value of the property at the place of conversion, or, if there is no market at such place, the value at the nearest market.

**2. Carriers ⬾94(4)—Measure of damages for conversion of goods in course of transportation stated.**

Where goods were converted by a carrier in the course of transportation to a profitable market at the time of conversion where they would arrive in the usual course of things, the measure of damages is the market value less freight at the point of destination.

**3. Evidence ⬾500—Refusal to permit witness who has testified as to market price to state as to whether he knew whether the goods could be obtained for less than such price held not error.**

In shipper's action against railroad for conversion of coal during transportation, where witness had testified to the market price of coal at the point of destination at the time in question, refusal to permit him to state as to whether or not he knew whether coal of the particular character could be obtained at such place for less than amount so stated as the market price *held* not error.

**4. Evidence ⬾113(3)—In action for conversion of goods where there was market price at point of destination, admission of evidence as to market price at other points held error.**

In shipper's action against railroad for conversion of coal during transportation in which the evidence showed that the coal had a market value at the point of destination, admission of testimony as to the market price of coal at other places *held* error.

**5. Appeal and error ⬾1050(1)—In action for conversion during transportation, admission of market price at points other than place of destination held reversible error.**

In action for conversion of coal by railroad during transportation, in which there was evidence that the coal had a market value at the point of destination, the admission of testimony as to the market price of coal at other points *held* reversible error, notwithstanding subsequent testimony of plaintiff that the market value at such other points and the point of destination was the same.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Zimmern's Coal Company against the Southern Railway for conversion of coal in transit. Judgment for the plaintiff for an insufficient amount, and he appeals. Reversed and remanded.

Harry T. Smith & Caffey, of Mobile, for appellant.

The measure of damages was the value of the coal at Pensacola at the time of the conversion, less the freight. 191 N. Y. 392, 84 N. E. 295, 15 L. R. A. (N. S.) 1126, 123 Am. St. Rep. 600; 101 Mo. App. 557, 73 S. W. 913; 142 Tenn. 52, 215 S. W. 404; (D. C.) 252 Fed. 664; 2 Sedgwick on damages, § 844; 3 Hutchinson on Carriers, § 1374;

Bowers on Conversion, 518. It therefore is competent to show the market price at Pensacola, and it was incompetent to show the market price at Birmingham. 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; 15 Ala. App. 425, 73 South. 750. What the plaintiff paid for the coal at Boothton in May under a special contract would not effect the question at issue here. 132 Ala. 655, 32 South. 300; 135 Ala. 461, 33 South. 537; 139 Ala. 331, 35 South. 1019; 89 Ala. 327, 8 South. 54.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

The court will not be put in error for sustaining objection, where the same evidence was given as that called for. 17 Ala. App. 481, 86 South. 113; 205 Ala. 167, 87 South. 608. Where the market value is shown to be the same at all points, with difference in freight only, it is competent to show the market value at various places. 161 Ala. 332, 50 South. 81; 90 Ala. 366, 7 South. 655; 72 Ala. 451; 32 Ala. 390; (Mo. App.) 186 S. W. 542; 121 Ark. 150, 180 S. W. 465; 72 S. E. 719; (Mich.) 139 N. W. 2; 22 C. J. 190. The damages were entirely adequate. 8 Ala. App. 645, 62 South. 309; 144 Ala. 470, 39 South. 512; 195 Ala. 230, 70 South. 649; 175 Ala. 194, 57 South. 23; 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937.

SAYRE, J. Appellant brought this action against appellee for the conversion of 648,-834, pounds of coal. Defendant (appellee) admitted the wrong alleged, and damages were assessed for plaintiff (appellant). Assignments of error relate therefore exclusively to those rulings of the trial court which are supposed to have affected the amount of plaintiff's recovery.

[1, 2] Plaintiff had purchased the coal at the mines in Bibb county, and June 22, 1920, it had been shipped over defendant's line to him at Pensacola, Fla., where plaintiff was engaged in the business of selling coal for export. Defendant had converted the coal to its own use, part at Selma, and part at Suggsville, both points on defendant's line of railroad in this state. The general rule is that in trover the market value of the property at the place of conversion is the owner's measure of damages. Bowers on Conversion, § 645. But where there is no market at the place of conversion, the value in the nearest market is the criterion. Id. § 646. And when the goods converted were in the course of transportation to a profitable market, where they would arrive in the usual course of things, so that the purpose of the law to afford just and reasonable compensation for the natural and proximate consequences of the wrongful act would not be made effectual by the general rule, reason and authority have established the different rule that the value of the property in the market of the point of destination, less freight, is the measure of damages, and this rule applies with peculiar force to the common carrier who converts goods committed to him for transportation. Wallingford v. Kaiser, 191 N. Y. 392, 84 N. E. 295, 15 L. R. A. (N. S.) 1126, 123 Am. St. Rep. 600. Many cases are cited to this effect in Roth Coal Co. v. L. & N. R. R. Co., 142 Tenn. 52, 215 S. W. 404.

With the rule applicable to this case kept in view, we shall consider as many as may be necessary of the several rulings assigned for error and argued in the briefs.

[3] The court sustained an objection to plaintiff's question to his witness Davidson:

"Do you know whether or not that character of coal could be obtained at Pensacola at that time for less than that figure?"

Plaintiff was claiming compensation according to the rule we have approved, that is, he claimed the market value of his coal at Pensacola, less freight. The witness was qualified by experience and observation to speak to the subject, and plaintiff was entitled to his testimony as to the market value of coal at Pensacola. However, the witness had already testified:

"I knew of a number of transactions shortly after June 22d, in June, July, and August, in which this character of coal was bought and sold in Pensacola. The market price of that character of coal in Pensacola at that time was about $13 a ton."

It was in connection with this answer that the question in dispute was asked. Afterwards the witness was examined by plaintiff and cross-examined by defendant as to different transactions in Pensacola, stating, among other things, that he arrived at his judgment that $13 was the market price of coal at Pensacola at the time in question, in effect, by a consideration of actual sales above and below that figure—the average of sales. Our opinion is that plaintiff had full advantage of substantially all he was entitled to, viz. a statement of what must be taken as the witness' best judgment as to the market value of coal at the relevant time and place and, in a general way, a statement of the witness' opportunity to form a judgment in the premises. He was entitled to no more.

[4] Several exceptions were reserved against defendant's introduction of testimony as to the market price of coal at Birmingham. We think these exceptions were well taken. "Where the question is, what was the value at a particular place, and there was no market value there, proof may be given of the market value at other places, with the cost of transportation, or other facts that will enable the jury to deduce the value at the place in question. Evidence of the value at other places than the place in question is inadmissible when the evidence is clear that

there is a value at that place." Comer v. Way, 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; Echols v. L. & N. R. R. Co., 90 Ala. 366, 7 South. 655; Johnson v. Allen, 78 Ala. 392, 56 Am. Rep. 34; Mt. Vernon Brewg. Co. v. Teschner, 108 Md. 158, 69 Atl. 702, 16 L. R. A. (N. S.) 759; 16 Cyc. 1144. There can be no doubt, on the evidence as the parties left it, that coal—we mean coal of the sort in question—had a market value in Pensacola; nor do we perceive in this record any sufficient reason for the introduction of evidence as to the price of coal in Birmingham as a basis for comparison, though that would doubtless have been proper in the absence of a market for coal in Pensacola. The cases cited by appellee have been considered, but have been found to be distinguishable from the cases cited above on various grounds.

[5] Nor is our judgment as to the propriety of the rulings referred to affected by the fact that afterwards plaintiff as a witness in his own behalf in rebuttal testified that market values at Selma, Mobile, Suggsville, and Pensacola were all the same. Needless to speculate as to plaintiff's purpose in offering this testimony. By objections to evidence he had propounded to the court his claim that damages should be assessed according to the market at Pensacola, his claim had been rejected, and we can find no sufficient reason in what he afterwards did for depriving him of the benefit of the exceptions already reserved and hereinbefore considered. The rulings shown by these exceptions may have affected the result very materially. Indeed, it does not appear that the jury understood that damages were to be assessed according to the Pensacola market, and, for aught we can see, the jury were left to select, without reference to the proper rule, the prices obtaining at Selma or Suggsville, where, as for the evidence, it did not appear there was a market for coal of the character in question. We think we may say properly that, so far as concerns the exception reserved to the court's oral charge to to the jury, it hardly was explicit enough to apprise the jury of the point now at issue. Circumstances indicate rather that at that point the court supposed objection was being reserved to its failure to mention the necessity for deducting freight charges from the market value to be assessed. On another trial, assuming that the evidence will show an established market at Pensacola for coal like the plaintiff's, it will be for the jury to say what was its reasonable value according to that market.

Other exceptions argued in the briefs need not be noticed specifically. They are not at all likely to recur in anything like the shape they are now presented. For the errors pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.