(95 South. 903)

**LOUISVILLE & N. R. CO. v. SARRIS & COLLAS.** (6 Div. 848.)

(Supreme Court of Alabama. April 12, 1923.)

1. **Carriers** ☞76—**Seller who consigned goods to himself, and not buyer who paid draft with bill of lading attached, had right of action against carrier for damages.**

Where goods were shipped consigned to the shipper himself for delivery to buyers on payment of draft with bill of lading attached, an action against the carrier for damage to the goods during passage, should have been brought by the shipper, and not the buyers, since the subsequent delivery of the goods to the buyers on their payment of the draft did not operate as an assignment of the right to recover the damages.

2. **Carriers** ☞83—**Notation in bill of lading held not to authorize delivery of shipment without production of bill of lading.**

Where seller of goods shipped goods consigned to himself and attached bill of lading to draft, notation in bill of lading that buyer should be notified did not authorize the carrier to deliver the shipment to the buyer without the production of the bill of lading.

3. **Carriers** ☞131 — **Variance between allegations that goods had been shipped to buyer and proof that seller had consigned goods to himself held fatal.**

In buyer's action against carrier for damage to goods sustained during transportation, variance between pleadings alleging that the carrier had accepted the goods for shipment to the buyer and proof that the seller had in fact consigned the shipment to himself for delivery to buyer on payment of draft with bill of lading attached *held* fatal.

4. **Carriers** ☞131—**Complaint held to plead negligence of carrier in shipment of flour.**

Complaint alleging that defendant railroad as a common carrier accepted specified quantity of flour for shipment, and that the defendant "was negligent in and about the handling of such flour on said shipment, in this, that the defendant negligently allowed or permitted the said flour to become wet and damaged by water, to the plaintiffs' damage aforesaid," *held* sufficient to plead the defendant's negligence.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Sarris & Collas against the Louisville & Nashville Railroad Company. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Count 2 of the complaint reads:

"(2) Plaintiffs claim of the defendant $500 damages for that heretofore on, to wit, the 20th day of December, 1920, the defendant, a common carrier of freight by railroad, received and accepted for a reward a large quantity of flour, to wit, 19,600 pounds, at Birmingham, Ala., for shipment to the plaintiffs

under the business name of Gadsden Sanitary Bakery at Gadsden, Ala.

"And the plaintiffs say that the defendant was negligent in and about the handling of said flour on said shipment, in this, that the defendant negligently allowed or permitted the said flour to become wet and damaged by water, to the plaintiffs' damage aforesaid."

Huey & Welch, of Bessemer, for appellant.

The defendant is not liable to plaintiff for damage to flour of Guice. Count 2 is insufficient.

Goodwyn & Ross, of Bessemer, for appellees.

The owner of goods shipped may sue in tort for injury thereto, although he is neither consignor nor consignee. Sou. Ry. Co. v. Jones, 132 Ala. 437, 31 South. 501; N., C. & St. I. Ry. v. Hinds, 5 Ala. App. 596, 59 South. 670.

SAYRE, J. [1-3] Plaintiffs, appellees, sued defendant, appellant, for damages for that defendant negligently allowed or permitted a shipment of flour to become wet and damaged by water, alleging that defendant, "a common carrier of freight by railroad, received and accepted for a reward a large quantity of flour, to wit, 19,600 pounds, at Birmingham, Ala., for shipment to the plaintiff under the business' name of Gadsden Sanitary Bakery at Gadsden, Ala." The evidence showed without dispute that E. T. Guice, at Birmingham, had consigned the flour to himself at Gadsden, but that plaintiffs had ordered the flour, and, upon their payment of the draft drawn upon them for the purchase price, bill of lading attached, the flour was delivered to them. Afterwards they discovered that the shipment had been damaged in transit and brought this action. The flour was the property of Guice at the time it was damaged, and so continued until it was delivered to plaintiffs on their production of the bill of lading. Guice was the proper party to sue. R. C. L. "Carriers," §§ 397–400. The consignor-consignee having retained title, the goods at the time of the damage were at his risk. Armstrong v. Wilcox, 207 Ala. 390, 92 South. 645; Robinson v. Pogue, 86 Ala. 257, 5 South. 685; Veitch v. Atkins Grocery Co., 5 Ala. App. 444, 59 South. 746. The right of action accrued to him, and the subsequent delivery of the flour did not operate as an assignment of the damages alleged. Hood v. Warren, 205 Ala. 332, 87 South. 524. This court has held in a case circumstanced like this that the consignor may sue for the use and benefit of the purchaser. N., C. & St. L. Ry. v. Abramson-Boone Produce Co., 199 Ala. 271, 74 South. 350. But there has been no decision that the purchaser in like case may sue the carrier in his own name. Moreover, the allegation was that defendant received and accepted the flour for shipment to the plaintiffs under the business name of Gadsden Sanitary Bakery, whereas the bill of lading allowed in evidence showed a consignment to Guice. True, the bill of lading contained the notation "Notify Gadsden Sanitary Bakery," but this did not authorize the carrier to deliver the shipment to the bakery without the production of a bill of lading—quite the contrary. A. C. L. R. Co. v. Dahlberg Brokerage Co., 170 Ala. 617, 54 South. 168; 1 Moore on Carriers, § 16, p. 225. Guice, the consignor, was also named as consignee. There was a variance.

These points were raised by defendant by objection to the bill of lading offered in evidence by plaintiffs and by the general charge which the court refused. In its rulings the court committed error.

[4] It is not considered necessary to comment on the other numerous assignments of error, except to say that in its allegation of negligence the second count, upon which the case went to the jury, was sufficient. Leach v. Bush, 57 Ala. 145.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.