(98 South. 382)

**SOUTHERN RY. CO. et al. v. NORTHWEST-ERN FRUIT EXCH.** (7 Div. 422.)

(Supreme Court of Alabama. Nov. 1, 1923. Rehearing Denied Dec. 22, 1923.)

1. **Parties** 95(2) — **Permitting amendment not effecting entire change of parties plaintiff not error.**

Where suit for damages to apples was originally brought in name of M., there was no error in allowing amendment as to party plaintiff as N., suing for use and benefit of M., entire change of parties plaintiff not being effected, and was permissible under Code 1907, § 5367.

2. **Carriers** 184—**Counts in Code form held good as against demurrer.**

Counts following substantially Code 1907, vol. 2, p. 1197, form 15, for suit on bill of lading against common carrier, except that they alleged receipt of apples by director general during federal control and by connecting carriers when such control was relinquished March 1, 1920, to be delivered for a reward, *held* good as against demurrer.

3. **Carriers** 184—**Only averment of receipt by initial carrier in good condition and delivery to consignee in bad condition required.**

In suit for apples damaged in transit, averment that they were received by initial carrier in good condition and were delivered in bad condition was sufficient, it not being necessary to aver that each connecting carrier received them in good condition.

4. **Carriers** 184—**Burden of averment on connecting carriers to show receipt of apples in condition in which it delivered them.**

Where, in consignee's action for damages to apples, plaintiff averred receipt by initial carrier in good condition and delivery to him in bad condition, the burden was on connecting carrier to plead that it had received them in the condition in which it had delivered them, which, if sustained by proof, would relieve it of liability.

5. **Carriers** 183 — **Contract of interstate shipment binding on both initial and connecting carriers, and so proper to join both in suit for damages.**

Initial and connecting carriers participating in interstate shipment of apples are bound by terms of shipping agreement from point of origin to destination and delivery, and hence joining initial and connecting carriers in action for damages was proper. Code 1907, § 5548.

6. **Carriers** 131—**Averment of carriers assuming liability as insurer did not subject count to demurrer.**

In suit for damages to interstate shipment of apples in Code 1907, vol. 2, p. 1197, form 15, an averment that that shipment was made under an option, which made carrier liable for frost or overheating, did not render count subject to demurrer.

7. **Carriers** 162—**Demurrer to plea as to written notice of shipper's claim for damages properly sustained.**

Where carrier's plea averred that plaintiff's counts set up shipment on bill of lading, containing stipulation that, excepting in certain conditions as condition precedent to recovery of damages, claims must be made in writing within six months after delivery, but failed to aver that damage was not caused by the excepted conditions, demurrer to plea was properly sustained.

8. **Carriers** 131—**Admitting bill of lading in evidence after diversion of car in transit not error on ground of variance from that alleged.**

Where car of apples was diverted during transit, and diversion and no change in bill of lading was made, except as to point of destination and delivery, in action for damages from frost, there was no variance between the bill of lading pleaded and that admitted in evidence.

9. **Carriers** 185(2)—**Receipted freight bill of joint agent relevant evidence against all defendants.**

In suit for damages to apples, where receipted freight bill bore stamp of delivery carriers affixed by joint agent of defendants, it was relevant evidence against each defendant and properly held for jury.

10. **Action** 27(3) — **Limitation of actions** 21(4)—**Action for damages to apples ex contractu not barred by one year limitation.**

Action for damages to shipment of apples, which was practically in Code 1907, vol. 2, p. 1197, form 15, on bill of lading, and sought re-

covery for breach of contract and not for breach of duty growing out of it, is ex contractu, and not barred by one year limitation prescribed by Code 1907, § 4840.

**11. Carriers ⊙➜132—Burden on carrier to show goods not in good order when received.**

Where bill of lading recited that goods were received by carrier in apparent good order, the burden was on carrier to show that they were not in good order when received.

**12. Carriers ⊙➜76 — Suit maintained by consignee for benefit of purchaser of apples for damages before transfer of bill of lading.**

Where legal title to apples was in consignee, but bill of lading was transferred to purchaser after payment of draft attached, but apples were damaged before such payment, suit was properly maintained in the name of consignee for use and benefit of purchaser.

**13. Carriers ⊙➜187—Defendant's affirmative charges properly denied.**

Where evidence tended to support counts in suit for damage to apples against federal agent and connecting carriers, there was no error in refusing their requested affirmative charges.

**14. Carriers ⊙➜135—Shipper's damages based on value at destination.**

Under Act Cong. March 4, 1915 (U. S. Comp. St. §§ 8592, 8604a), in case of loss or damage to an interstate shipment, shipper's damage is based on value at place of destination at time when property should have been delivered.

**15. Carriers ⊙➜135 — Charge that shipper could recover reasonable market value at destination. held proper.**

Where evidence showed that value of apples at destination was more than their value at time and place of shipment plus freight charges, there was no error in charge that plaintiff was entitled to recover reasonable market value on market at destination.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for damages by the Northwestern Fruit Exchange, suing for the use of John T. Morgan, doing business under the name and style of the Stamps & Co., against the Southern Railway Company, Alabama Great Southern Railroad Company and James C. Davis, Agent, etc. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Goodhue & Goodhue, of Gadsden, for appellants.

Count 2 being ex delicto, the statute of limitations of one year applies, and the affirmative charge as to that count should have been given. A. G. S. v. Norris, 167 Ala. 312, 52 South. 891; W. U. Tel. Co. v. Krichbaum, 132 Ala. 535, 31 South. 607; Mobile L. I. Co. v. Randall, 74 Ala. 170; N., C. & St. L. v. Parker, 123 Ala. 683, 27 South. 323; W. U. Tel. Co. v. Waters, 139 Ala. 652, 36 South. 733; Sharpe v. Nat. Bank, 87 Ala. 644, 7 South. 106; Code 1907, § 4840. There could have been no original joint liability on the part of the defendants, as charged in the third count, and the affirmative charge as to such defendants should have been given. C. of Ga. v. Camp Hill Co., 208 Ala. 315, 94 South. 350; Redmond & Co. v. L. & N., 154 Ala. 311, 45 South. 649; Harris v. Sanders, 186 Ala. 350, 65 South. 136; Garrison v. Hawkins Lbr. Co., 111 Ala. 308, 20 South. 427; Mo. Pac. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Charlton v. A. G. S., 206 Ala. 341, 89 South. 710. It was necessary that the complaint aver the particular railroad operated by the Director General when the apples were received for shipment. Harmon v. So. Ry., 113 S. C. 188, 101 S. E. 926; Payne v. Monroe, 28 Ga. App. 6, 110 S. E. 34; Mo. Pac. v. Ault, supra. Averment being made that the original shipment was made under option No. 2, and it not appearing the Southern Railway and Alabama Great Southern Railroad contracted thereunder, two causes of action were stated. A. G. S. v. Shahan, 116 Ala. 302, 22 South. 509. A carrier cannot be held liable to a stranger for goods lost before he acquired title thereto. Zimmern's Coal Co. v. L. & N., 6 Ala. App. 475, 60 South. 598.

Dortch, Allen & Dortch, of Gadsden, for appellee.

Counts 2 and 3 were substantially in the code form upon a bill of lading, and were necessarily ex contractu. Walter v. A. G. S., 142 Ala. 474, 39 South. 87; N., C. & St. L. v. Parker, 123 Ala. 683, 27 South. 323; L. & N. v. Landers, 135 Ala. 504, 33 South. 482. The bill of lading issued by the initial carrier is binding on all connecting carriers. Tex. & Pac. v. Leatherwood, 250 U. S. 478, 39 Sup. Ct. 517, 63 L. Ed. 1096; M., K. & T. v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. Ed. 1213; 4 R. C. L., 947; G. F. & A. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948. When there is any evidence tending to support the cause of action, the affirmative charge is properly refused. Dwight Mfg. Co. v. Vaughn, 203 Ala. 462, 83 South. 327; L. & N. v. Jenkins, 196 Ala. 136, 72 South. 68; Morrison v. Clark, 196 Ala. 670, 72 South. 305; West Ry. v. Mays, 197 Ala. 367, 72 South. 641; Bowen v. Hamilton, 197 Ala. 418, 73 South. 5. The burden is on a common carrier to show goods delivered to him in a damaged condition. M. & W. P. v. Moore, 51 Ala. 394; Walter v. A. G. S., supra; L. & N. v. Lynne, 196 Ala. 21, 71 South. 338; C. & N. W. v. Whitnack, 258 U. S. 369, 42 Sup. Ct. 328, 66 L. Ed. 665. The shipper is not bound by stipulations in the bill of lading that loss shall be based on value at place and time of shipment. 38

Stat. 1916 (Comp. St. § 8604a); C., M. & St. P. v. McCaull, 253 U. S. 97, 40 Sup. Ct. 504, 64 L. Ed. 801.

MILLER, J. The Northwestern Fruit Exchange, a corporation, suing for the use and benefit of John T. Morgan, doing business under the name of Stamps & Co., brings this action against James C. Davis, as Agent, under section 206 of the Transportation Act of Congress (U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc), the Southern Railway Company, a corporation, and the Alabama Great Southern Railroad Company, a corporation. The suit is brought on a bill of lading issued by Walker D. Hines, as Director General of Railroads, for a car of apples received at Zillah, Wash., for shipment as common carrier for a reward on February 17, 1920, to be delivered to plaintiff at Gadsden, Ala. The car was handled by the Southern Railway Company and the Alabama Great Southern Railroad Company in March, 1920, after the termination of federal control as connecting or terminal carriers.

The complaint is for the breach of the agreement, and avers the apples were received in good condition by Walker D. Hines, as Director General, etc.; that about 198 boxes were so damaged when delivered in March, 1920, to the plaintiff at Gadsden, Ala., that they were unfit for use and worthless.

[1] The suit was originally brought in the name of John T. Morgan, doing business under the name and style of Stamps & Co., as plaintiff. It was amended by plaintiff, with approval of the court, over objections of the defendants, to read as follows as to party plaintiff:

"Northwestern Fruit Exchange, a corporation, suing for the use and benefit of John T. Morgan, doing business under the name and style of Stamps & Co."

The court did not err in allowing this amendment. It is permissible under our statute. It did not work an entire change of parties plaintiff. John T. Morgan, the original and sole plaintiff, was after the allowance of the amendment, the real party plaintiff. Section 5367, Code 1907; Babcock v. Carter, 117 Ala. 575, 23 South. 487, 67 Am. St. Rep. 193; Cowan v. Campbell, 131 Ala. 211, 31 South. 429; N. C. & S. L. R. Co. v. Abramson-Boone Co., 199 Ala. 271, 74 South. 350; L. & N. R. Co. v. Sarris & Collas, 209 Ala. 217, 95 South. 903.

[2] There are three counts in the complaint: The first count (No. 1) was withdrawn; the other two, numbered respectively 2 and 3, were submitted to the jury. The defendants demurred to each of these counts, and they were overruled by the court. In these rulings the court committed no error. These counts follow substantially the Code form, No. 15, p. 1197, Code 1907, vol. 2, for suit on bill of lading against a common carrier, except there are some averments showing two of the defendants are connecting carriers, and some averments showing the car of apples was received by Walker D. Hines, as Director General, etc., during federal control, and was delivered by the other defendants in March, 1920, to plaintiff after termination of federal control.

When the car of apples was received by the Director General of Railroads on February 17, 1920, the railroads were under federal control. The possession, operation, and control of the railroads was relinquished by the President of the United States at 12:01 a. m. March 1, 1920, under an Act of Congress approved February 28, 1920, 41 Public Laws of U. S. Statute at L. p. 457, pt. 1 (U. S. Comp. St. Ann. Supp. 1923, § 10071¼aa). At 12:01 a. m. March 1, 1920 the different railroad corporations regained, under this act of Congress, possession and control of their respective railroads, and each of them became responsible for the operation of its road as a carrier.

[3] Each count avers facts showing that the Director General received the car of apples in good condition as a common carrier to be delivered to plaintiff at Gadsden, Ala., for a reward during federal control, and that the other defendants received the car of apples as connecting carriers after the termination of federal control, to be delivered for a reward to the plaintiff, and the car of apples was not delivered by the defendants in good condition, but that about 198 boxes of the apples were damaged, in worthless condition, when delivered to plaintiff at Gadsden, Ala. These counts follow practically the form of count 2 in the case of Walter v. A. G. S. R. Co., 142 Ala. 474, 39 South. 87, which was approved by this court. These counts aver that Walker D. Hines as Director General received the apples in good condition, and they were delivered in bad condition to the consignee, the plaintiff. This burden of averment and proof is on the plaintiff. It was not necessary for the counts to aver that the car of apples was received by each defendant, including the connecting carriers, in good condition. It was only necessary for the counts to aver the initial carrier received them in good condition, and that they were delivered to plaintiff in a damaged condition. See count 2 and demurrers to it in Walter v. A. G. S. R. Co., 142 Ala. 474, 39 South. 87.

In Montgomery & W. P. R. Co. v. Moore, 51 Ala. 396, this court wrote:

"When a common carrier delivers goods in a damaged or injured condition, and it does not appear he received them in such condition, the law casts upon him the burden of proving that they were in that condition when he received them, or that the injury occurred by the act of God, or of a public enemy, without fault on his part."

[4] The burden of averment was then on the connecting or delivering carriers to plead respectively that it received the car of apples in the condition in which it has delivered them. If this averment was sustained by proof, it would relieve them (the connecting or delivering carriers) from liability for the damage.

In a case similar in many respects to this one, the Supreme Court of the United States in C. & N. W. Ry. Co. v. Whitnack, 258 U. S. 369, 42 Sup. Ct. 328, 66 L. Ed. 665, quoted with approval the rule in section 1348, Hutchinson on Carriers (3d Ed.) as follows:

"A connecting carrier, who has completed the transportation, and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers being shown, the presumption will arise that they continued in that condition down to the time of their delivery to the carrier, completing the transportation, and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession."

This Court referring to the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) in L. & N. R. Co. v. Lynne, 196 Ala. 23, 71 South. 340, said:

"That act makes the initial carrier responsible for the safe delivery of shipments over connecting lines, no matter where the loss may occur, but it certainly does not exempt connecting lines from direct responsibility to the owner for their own failure to safely carry and deliver goods received by them for that purpose."

Under the averments of these counts all of the defendants are liable to the plaintiff for the damages to the apples; but either or both of the connecting carriers may be relieved of liability by separate plea and proof that the apples were received by it in the same condition in which they were delivered by it to the consignee or to the other connecting carrier. The proof of these facts is peculiarly within their possession and control, and for this reason the burden of averment and proof to sustain it is placed on them.

[5] The plaintiff does not aver in count 3 a joint contract by the three defendants, but relies for recovery upon one of the terms of the agreement, which is binding upon all of the defendants, who are either the original party to the agreement or connecting carriers participating in the transportation of this car of apples from the point of origin to the destination and delivery of the apples to the consignee. 4 R. C. L. 947, § 404; T. & P. Ry. Co. v. Leatherwood, 250 U. S. 478, 39 Sup. Ct. 517, 63 L. Ed. 1096; Ga. F. & A. Ry. v. Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948; Mo. K. & T. R. Co. v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. Ed. 1213. See, also, section 5548, Code 1907, as to joint action against connecting lines of common carriers engaged in this state.

[6] Count 3 also contains the following averment:

"Plaintiff avers that shipment was made under what is called 'option No. 2,' whereby all liability for damage from frost, freezing, or overheating was assumed by the carrier, and for the assumption of this liability on the part of the carrier plaintiff paid the sum of $18. Plaintiff further avers that said apples were damaged from frost, freezing, or overheating, and defendants were therefore liable therefor."

This averment did not render this count subject to the demurrers; and the demurrers to counts 2 and 3 were properly overruled by the court.

[7] The defendants aver specially in plea 4 that these counts (2 and 3) set up shipment on a bill of lading which was the contract between the parties, and it contained this stipulation: "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivery carrier within six months after delivery of the property," and the plea then avers that the plaintiff did not within six months after the property was delivered to him make any written claim to the initial or delivering carrier for the damage to it. This plea fails to aver that the loss or damage or injury complained of was not caused by delay or damage while being loaded or unloaded or was not damaged in transit by carelessness or negligence. For these and probably other reasons the court did not err in sustaining the demurrers of plaintiff to this plea.

The defendants each pleaded in short by consent general issue and statute of limitations, with leave to offer in evidence any matter that would present a good defense, and to offer in evidence any matter that would be good in reply thereto.

[8] The court did not err in permitting in evidence the bill of lading. There was no variance between the bill of lading or agreement mentioned in the complaint and the bill of lading introduced in evidence. Both refer to the same car of apples. It is true the bill of lading states and gives the name of George W. Dilling as consignor and point of shipment as Zillah, Wash., and the name of the consignee as Northwestern Fruit Exch. destination as Denver, Colo. The words "Denver, Colo." are erased, and the words "Gadsden, Ala.," substituted, and after the name of the consignee is written, "ad-

vise Stamps & Co." Unless the consignor, during transit, changes the instructions, the consignee, being the owner has the right to change the time and place of delivery. This diversion of the car appears from the bill of lading to have been made at Seattle, Wash., during transit. It made no change in the contract, except as to the point of destination and delivery. This was permissible by the consignee and carrier. Ocean S. S. Co. v. People's Shoe Co., 202 Ala. 594, h. n. 5, 81 South. 241; Melbourne v. L. & N. R. R. Co., 88 Ala. 443, 448, 6 South. 762. It did not mislead the defendants. The counts aver the point of shipment was Zillah, Wash., and the point of destination Gadsden, Ala.. and this corresponds with the bills of lading introduced in evidence.

[9] The court permitted the freight bill to be introduced in evidence over the objection of the defendants. It was paid by John T. Morgan, the plaintiff. It is made out in the name of and in favor of the Alabama Great Southern Railroad, one of the defendants, for this same car of apples mentioned in the bill of lading. It calls for freight $536.80, "heater service $18, tax $16.64," total $571.44, which was paid by John T. Morgan the plaintiff, to C. M. Adams, agent of both the Southern Railway Company and Alabama Great Southern Railroad Company on March 23, 1920. The names of "Southern R. R., Western Dist.," and "Ala. Great Southern R. R., Gadsden, Ala.," appears stamped on the receipted bill, with the name of C. M. Adams, agent, dated March 23, 1920. The bill of lading contains this clause as option No. 2: "Liability for damage from frost, freezing, or overheating to be assumed by carrier." The receipted bill shows plaintiff paid the freight to Adams, the agent, including extra charge of $18 for "heater service." The car of apples appears from the bill of lading to have been routed over the Southern Railway. A draft drawn by the consignee, Northwestern Fruit Exchange, on Stamps & Co., was attached to the bill of lading for the purchase price of the apples; it was sent by the consignee to the First National Bank at Gadsden, Ala., for collection; Stamps & Co. paid the draft, secured thereby the bill of lading, then paid the freight bill with the extra charge for heating, and then secured possession of the apples in the car from the agent, Adams. The original bill of lading for this car of apples was issued by the Director General of Railroads, a defendant in this case, the car was routed in it over the Southern Railway, a defendant; the freight on the car was made out in favor of the Alabama Great Southern Railway Company, a defendant, and the freight was paid to a joint agent of the Southern Railway Company and the Alabama Great Southern Railway Company, and the names of these defendants are stamped to the receipted bill by C. M. Adams, the joint agent. This receipted freight bill, paid by Stamps & Co., was relevant evidence against each defendant, and the court properly allowed it to go in evidence to the jury. When Stamps & Co. presented the bill of lading and paid the freight bill, then the agent, Adams, delivered the car of apples to John T. Morgan, and Morgan and the agent Adams examined the apples; they found some of them in bad condition. The apples in boxes on the side and in the bottom of the car were frozen, many of them having sheets of ice around them at that time. There were 694 boxes of apples in the car, and the apples in 135 boxes were worthless and were dumped; the other apples in boxes in the center of the car were sound and in good condition. The day the plaintiff received and examined the apples he made a written claim for the damage against the defendants, and filed it with the agent Adams, which claim called for the cost of the apples, including freight, plus 50 cents profit on each of the 135 boxes of apples.

[10] The appellants, the defendants, each separately insist that the court erred in refusing to give to the jury the general affirmative charge with hypothesis, requested in writing by each, as to count 2. They insist this count (2) states an action in case, ex delicto, and not ex contractu; and the evidence shows without dispute that the cause of action arose in February or. March, 1920, and this suit was not commenced until November 30, 1921, more than one year thereafter, and is barred by the statute of limitations of one year under section 4840, Code, 1907.

As hereinbefore shown, this count (2) is practically in the Code form 15, p. 1197, Code 1907, vol. 2, on bill of lading, and is ex contractu, and not barred by the statute of limitation of one year. It is an action arising from contract, and seeks recovery because of its nonperformance, which makes it ex contractu; it seeks to recover for the breach of the contract and not for the breach of a duty growing out of it. Tallassee Falls Mfg. Co. v. West. Ry. Co., 117 Ala. 520, 23 South. 139, 67 Am. St. Rep. 179; N. C. & S. L. R. Co. v. Parker, 123 Ala. 683, 689, 27 South. 323; A. G. S. R. Co. v. Norris, 167 Ala. 311, 52 South. 891. The court did not err in refusing to give these general affirmative charges as to count 2 on the ground stated.

[11] The bill of lading issued for the car of apples stated that the property described below ("694 boxes of apples") was received by the initial carrier, Director General of Railroads, in "apparent good order." It is dated February 17, 1920, and is signed by the consignor, shipper, and the agent of the Director General of Railroads. The undisputed evidence shows that when the 694 boxes of apples were delivered to the consignee, the plaintiff, at Gadsden, Ala., on March 23, 1920, that the apples in 135 boxes were in a damaged condition, worthless, and many of them had a sheet of ice around them. When the

bill of lading recites, as in this case, that the 694 boxes of apples were received by the carrier in "apparent good order," the following rule of law as declared in 10 Corpus Juris, § 571, pp. 371, 372, is applicable:

"So where the bill of lading recites that the goods were received in apparent good condition, the burden of proof is on the carrier to show that they were not in good condition when received; and this it should do by clear and satisfactory evidence. Similarly, a carrier's acceptance of extra charges for heating and its issuance of a receipt therefor is prima facie evidence that goods were in good condition, and in case of damage from freezing the burden of proof is on defendant to show that it arose from a cause for which it was not responsible."

The defendants offered no evidence; John T. Morgan, the plaintiff, was the only witness examined. There was no evidence tending to show the Southern Railway Company or the Alabama Great Southern Railway Company delivered the apples in the condition in which they each respectively received them, which, if believed by the jury, would relieve them respectively from liability. There was no evidence tending to show that the 135 boxes of apples were in the same damaged condition when received by the Director General of Railroads as they were when delivered to the consignee, the plaintiff, which would relieve him of liability if believed by the jury. Montgomery W. P. R. Co. v. Moore, 51 Ala. 394; L. & N. R. R. Co. v. Lynne, 196 Ala. 23, 71 South. 338; § 1348; Hutchinson on Carriers (3d Ed.), quoted supra.

[12] The legal title to the apples was in the consignee, Northwestern Fruit Exchange, and the real purchaser was Stamps & Co. The bill of lading was transferred to Stamps & Co. with draft attached for the purchase price, drawn by the consignee on them. The title to the apples passed to Stamps & Co. when the draft was paid, with bill of lading attached. Stamps & Co. had ordered the apples from the consignee; they had a conditional interest in the apples, which did not ripen into a perfect title until the purchase price draft was paid by them. The apples were damaged before the draft was paid by and before the apples were delivered to them. Under such circumstances, a suit for damages to the apples, arising before the payment of the draft, may be maintained in the name of the Northwestern Fruit Exchange, the consignee, for the use and benefit of John T. Morgan, doing business under the name of Stamps & Co., the real purchaser, against the carriers, the defendant. N. C. & St. L. Ry. Co. v. Abramson, 199 Ala. 271, 74 South. 350; L. & N. R. R. Co. v. Sarris, 209 Ala. 217, 95 South. 903.

[13] There is evidence and reasonable inferences or presumptions from facts proven tending to sustain and support the cause of action as presented in both counts 2 and 3

against each of the three defendants, so the court did not err in refusing the written affirmative charges as to each of these counts, separately requested by each defendant in its favor. A further statement of the evidence tending to show the liability of each defendant under each count to the plaintiff is unnecessary, and not required. Morrison v. Clark, 196 Ala. 670, h. n. 5, 72 South. 305; McMillan v. Aiken, 205 Ala. 35, h. n. 9, 11, 88 South. 135.

[14, 15] The appellants insist that the court in its oral charge to the jury erred when it instructed them, "If you should find plaintiff entitled to recover, he is entitled to recover the reasonable market value of those apples on the Gadsden market"; and that the court erred in refusing written charge 21, requested by defendants, which reads as follows: "The court charges the jury that the damages for which the defendant may be liable in this case shall be computed on the basis of the value of the apples at the place and time of shipment, plus the freight charges thereon," because the bill of lading contained this stipulation: "The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid." This stipulation in the bill of lading for an interstate shipment, like this one, from the state of Washington to the state of Alabama, was held not to be binding on the shipper under the Cummins Amendment Act of March 4, 1915 of Congress, chapter 176, 38 Stat. 1196 (U. S. Comp. St. §§ 8592, 8604a), by the Supreme Court of the United States in the case of Chicago, etc., Ry. Co. v. McCaull-Dinsmore Co., 253 U. S. 97, 40 Sup. Ct. 504, 64 L. Ed. 801. The rule is thus stated in the headnote in that case:

"A shipper, in case of loss, is entitled to damages on the basis of value of the place of destination at the time when the property should have been delivered if that is greater than the value at place and time of shipment, notwithstanding his uniform bill of lading provided for computing damages on the latter basis."

The court did not err in so charging the jury orally and the court properly refused written charge No. 21. The evidence showed these apples on the market at Gadsden, the point of destination, at the time of delivery, were worth more than the value, the cost of the apples at the time and place of shipment, plus freight charges paid from there to the point of destination. This oral charge of the court as to the measure of damages was also in harmony with the rule in this state. See Zimmern v. Southern Ry. Co., 207 Ala. 169, h. n. 2, 92 South. 437.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

## On Rehearing.

MILLER, J. It is true we refer in this opinion to count 2 in the case of Walter v. A. G. S. R. Co., 142 Ala. 474, 39 South. 87, which was there held sufficient; and state that counts 2 and 3 in this case follow in form that count. In citing and referring to that case, we do not overlook the fact the count 2 contained the averment that the goods were not delivered to the plaintiff in the condition in which they were received by the terminal or delivering carrier, and the delivering carrier was the only defendant in the case. Counts 2 and 3 in this case contain no such averment as to the connecting or delivering carrier, and there are three defendants in this case. Such averment as to the connecting or delivering carrier is not necessary.

It must be remembered that the Walter's Case, supra, was before the passage of the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa) which was construed in C. & N. W. Ry. Co. v. Whitnack, 258 U. S. 369, 42 Sup. Ct. 328, 66 L. Ed. 665. Counts 2 and 3 in the present case allege a cause of action, prima facie. against each and all of the defendants, whether initial, connecting, or terminal carrier, as they allege the apples were received by the initial carrier in good condition, and were damaged when delivered to the plaintiff by the terminal carrier. C. & N. W. Ry. Co. v. Whitnack, 258 U. S. 369. 42 Sup. Ct. 328, 66 L. Ed. 665; L. & N. R. Co. v. Roden Gro. Co., 209 Ala. 694, 96 South. 912; section 5548, Code 1907.

The application for rehearing is overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.