(99 South. 919)

## LOUISVILLE & N. R. CO. v. JONES et al.
### (6 Div. 99.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Carriers 203—Interstate shipment on through bill of lading governed by federal laws.**

   An interstate shipment on a through bill of lading is governed by federal laws.

2. **Carriers 150—Stipulations exempting carrier from liability for its negligence held void.**

   Stipulations in through bill of lading, issued on interstate shipment, exempting carrier from liability for its negligence, *held* void.

3. **Appeal and error 1078(1)—Assignment not insisted upon in brief held waived.**

   An assignment of error not insisted upon in brief is waived.

4. **Carriers 219(6), 229(2)—Damage based on value at destination proper; stipulations to contrary not binding shipper.**

   As to loss of interstate shipment on through bill of lading, shipper *held* entitled to damages on basis of value at place of destination at time shipment should have been delivered, if that value was greater than value at place and time of shipment; stipulations in the bill of lading to the contrary not binding shipper.

5. **Carriers 219(4)—Initial carrier liable for connecting carrier's delay.**

   Initial carrier of interstate shipment on through bill of lading is liable for damages for connecting carrier's unreasonable delay.

6. **Carriers 228(3)—Evidence of condition of cattle at place of shipment and at destination and of market value held proper.**

   In action for damages based on unreasonable delay in delivery of interstate shipment of cattle on through bill of lading, in which plaintiff sought damages based on value at destination at the time they should have arrived, it was proper to show the condition of the cattle when loaded and at their destination, and to admit testimony as to their market value.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action for damages by Adam Jones and Street Lowery, doing business as Jones & Lowery, against the Louisville & Nashville Railroad Company, for failure to deliver a car of cattle within a reasonable time. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 1 of the complaint, to which the other counts are similar, is as follows:

"1. The plaintiffs claim of the defendant $950 for damages for injury to one car of cattle shipped by the defendant as a common carrier for hire for the plaintiffs from Oneonta, Ala., to Atlanta, Ga., on or about the 25th day of August, 1921. Plaintiffs aver that the defendant failed to deliver said carload of cattle to the consignee, J. K. Shippey & Bro., within a reasonable time, and by reason of said delay said cattle were injured, to the damage of plaintiffs in the full sum of $950."

Ward, Nash & Fendley, of Oneonta, and Frank Dominick, of Birmingham, for appellant.

Common carriers may by contract limit the extent of their liability. Central R. R. & B. Co. v. Smitha, 85 Ala. 47, 4 South. 708. Evidence as to market value was erroneously admitted. So. Ry. v. Propst & Duckworth, 16 Ala. App. 186, 76 South. 470. A provision in a bill of lading limiting liability of the carrier to damages occurring on its own line is legitimate. L. & N. v. Williams, 5 Ala. App. 615, 56 South. 865, 59 South. 673.

Russell & Johnson, of Oneonta, for appellees.

Where brief argues rulings on demurrer to separate counts in block, error in any one instance is waived. East Pratt Coal Co. v. Jones, 16 Ala. App. 130, 75 South. 722; Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 South. 604. There was no error in the admission of evidence. Chandler v. Higgins, 156 Ala. 511, 47 South. 284; A. G. S. v. Mims, 207 Ala. 331, 92 South. 548.

GARDNER, J. Appellees shipped a carload of cattle from Oneonta, Ala., to Atlanta, Ga., on a through bill of lading issued by the appellant, Louisville & Nashville Railroad Company, August 25, 1921. The shipment was made on Thursday, August 25th, and the cattle arrived in Atlanta at 5:30 p. m., Saturday, August 27th. There was evidence that some of the cattle were in a bruised or damaged condition upon their arrival in Atlanta, though in good condition when loaded for shipment in Oneonta. To recover these damages the shippers prosecute this suit against the Louisville & Nashville Railroad Company, recovering a judgment in the sum of $300.

The counts rest for recovery upon an unreasonable delay in the shipment. We are of the opinion these counts are sufficient as against any demurrer interposed thereto. A. C. L. v. Maddox (Ala. Sup.) 98 South. 276;[1] Southern Rwy. v. N. W. Fruit Exch., 210 Ala. 519, 98 South. 382.

[1] This is an interstate shipment on a through bill of lading, and is governed by the federal laws. Nashville, C. & St. L. R. Co. v. Camper, 201 Ala. 581, 78 South. 925.

[2] Plea 2 sought an exemption from liability for the carrier's negligence by virtue of the stipulations in the bill of lading. The

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 210 Ala. 444.

federal statutes declare nugatory stipulations in such bills of lading which would exempt the carrier from liability for negligence. K. C., etc., Ry. Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; Chicago, M. & St. P. Ry. Co. v. McCaull Co., 253 U. S. 97, 40 Sup. Ct. 504, 64 L. Ed. 801. The demurrer to plea 2 was properly sustained.

[3] The sixth assignment of error relating to the ruling of the court in sustaining demurrer to plea 3 appears not to be insisted upon by counsel for appellant in brief, and is therefore waived.

[4] Counsel for appellant insist there was error in permitting proof as to the valuation of the cattle in Atlanta, Ga., the point of destination—this by reason of the fact that the bill of lading provided that in case of damage the valuation at the point of shipment shall control. In Chicago, M. & St. P. Ry. Co. v. McCaull Co., supra, the court held that such a stipulation in the bill of lading was not binding on the shipper, and that the shipper was entitled to damages on the basis of the value at the place of destination at the time the property should have been delivered if that is greater than the value at the place and time of shipment. Following in the wake of this authority, this court so held in Southern Ry. Co. v. N. W. Fruit Exch., supra. The assignments of error presenting these objections are fully answered by these authorities.

[5] Other assignments of error rest upon the assumption that the proof shows the delay, if any, was due to the fault of the connecting carrier, and not this defendant, the initial carrier; and therefore this defendant should not be held liable for the damages. As we have previously stated, this is an interstate shipment. The liability of the initial carrier under such circumstances by virtue of the federal law is now well established. L. & N. T. R. Co. v. Roden Gro. Co., 209 Ala. 694, 96 South. 912, and authorities there cited.

[6] It was of course competent to show the condition of the cattle when loaded at Oneonta, and their condition at the point of destination, and there was no error in permitting the witness to testify as to their market value.

No necessity exists for a separate consideration of the various assignments of error, as what we have herein said disposes of the most important question presented in brief of counsel for appellant.

We find no reversible error in the record, and the judgment will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.