(121 So. 16)

## NASHVILLE, C. & ST. L. RY. v. W. L. HALSEY GROCERY CO. (8 Div. 86.)

Supreme Court of Alabama. March 21, 1929.

Frank Slemons, of Nashville, Tenn., and R. E. Spragins and S. H. Richardson, both of Huntsville, for appellant.

Watts & White, of Huntsville, for appellee.

GARDNER, J. Two cases of cigarettes were shipped to plaintiff at Huntsville, Ala., from Durham, N. C., and defendant, as one of the connecting carriers, admits liability for nondelivery thereof, but insists the damages should be limited to the purchase price at Durham. The price to plaintiff at Durham was $64 per case, with a trade discount of 10 per cent., making the true invoice price $57.60. The trial court awarded the damages at $64 per case upon the undisputed evidence that this sum represents the market value of the cigarettes at Huntsville, the point of destination, as it appears from the proof this was the sum for which the cigarettes would sell at Huntsville and the price plaintiff would have to pay if purchased at that point.

The shipment was interstate and the case is here controlled by the federal statute and decisions. Pursuant to what is known as the "Cummins Amendment," the federal statute now provides that the liability of the carrier to the holder of the bill of lading should be the "full actual loss" sustained (U. S. Comp. Stat. Ann. § 8604a [49 USCA § 20]), notwithstanding stipulations to the contrary in the bill of lading. This statute received consideration, and was given application, in the case of Chicago, Milwaukee & St. Paul Ry. Co. v. McCaull-Dinsmore Co., 253 U. S. 97, 40 S. Ct. 504, 64 L. Ed. 801, the holding of the court being succinctly stated in the headnote as follows: "Under the Cummins Amendment of March 4, 1915, which provides that the carrier shall be liable for the full actual loss, damage or injury, notwithstanding any limitation of liability, limitation of amount of recovery, or representation or agreement as to value in the receipt, bill of. lading, etc., and which declares any such limitation unlawful and void, a shipper, in case of loss, is entitled to damages on the basis of value at the place of destination at the time when the property should have been delivered if that is greater than the value at place and time of shipment, notwithstanding his Uniform Bill of Lading provided for computing damages on the latter basis."

In the course of the discussion in the opinion, the court said: "The rule of the common law is not an arbitrary fiat but an embodiment of the plain fact that the actual loss caused by breach of a contract is the loss of what the contractee would have had if the contract had been performed, less the proper deductions, which have been made and are not in question here." In the more recent case of Hicks v. Guinness, 269 U. S. 71, 46 S. Ct. 46, 70 L. Ed. 168, treating a different state of facts, but giving application to the same principle, the court cited the above noted authority, with the following expression: "The loss for which the plaintiff is entitled to be indemnified is 'the loss of what the contractor would have had if the contract had been performed.'" Among the more recent federal cases citing and giving application to the decision of Chicago, Milwaukee & St. Paul Ry. v. McCaull-Dinsmore Co., supra, is that of Crail v. Ill. Cent. R. Co. (C. C. A.) 13 F.(2d) 459. See also, Crail v. Ill. Cent. R. Co. (D. C.) 21 F.(2d) 836. These decisions are in point, and here controlling.

This court applied the same measurement of damages in So. Ry. Co. v. Northwestern Fruit Exch., 210 Ala. 519, 98 So. 382, allowing to the plaintiff the market value of the merchandise at the point of destination, though this was in excess of the value at the place of shipment with freight added. Holding to like result is the case of Yazoo & M. V. R. Co. v. Delta Gro. Co., 134 Miss. 846, 98 So. 777.

Defendant directs attention to H. T. Cottam & Co. v. Ill. Cent. R. Co., 3 La. App. 240. That case seems to have been differentiated in Crail v. Ill. Cent. R. Co. (D. C.) 21 F.(2d) 836, supra, upon the theory that "contemplated profits occupied an important place" in

the decision; but in the light of the federal authorities noted above, as well as that from this state, more minute consideration of the Cottam Case is deemed unnecessary.

Defendant cites, among other authorities, L. & N. R. R. Co. v. Sullivan Timber Co., 138 Ala. 379, 35 So. 327, as to the duty of one injured, either in tort or by breach of contract, to exercise reasonable diligence to minimize the injury, and insists that plaintiff should be held to the price of $57.60 at the place of shipment, as he could have ordered another shipment at that same figure as shown by the proof. But we do not think the foregoing principle is properly to be extended to such a situation as here presented, for, as held by the court in the Ill. Cent. Case, supra [13 F.(2d)], answering a like argument, no duty rested upon the plaintiff to order another shipment to replace the lost goods.

Plaintiff's witness testified positively that the market value at Huntsville was $64 per case. He further stated the manufacturers only sold to wholesalers or jobbers and not to retailers. The witness' admission that he could order from the manufacturer at Durham at a true invoice price of $57.60 did not justify the exclusion of his evidence that the market value at Huntsville was $64 per case, for his testimony shows such is the price for which they were sold and which plaintiff would have to pay if purchased at that point. There was no error in overruling this motion to exclude.

We consider further discussion unnecessary. The case here is clearly controlled by the federal statute and decisions, and the judgment rendered is in accord therewith, and is likewise in harmony with the ruling of this court in Southern Ry Co. v. Northwestern Fruit Exchange, supra, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.