(121 So. 736)

**H. J. CRENSHAW & CO. v. SEABOARD AIR LINE RY. CO.** (6 Div. 318.)

Supreme Court of Alabama. April 11, 1929.

M. B. Grace, of Birmingham, for appellant.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

FOSTER, J. This is an action for damages caused by an alleged unreasonable delay in the shipment of a carload of watermelons by plaintiff from Sumterville, Fla., to Birmingham, Ala.

It was not shown that the melons were damaged by the delay or injured in the transportation. It is claimed that they should have arrived in Birmingham on Friday morning after their transportation began Tuesday night prior thereto, but that they did not arrive until Saturday; that, if they had arrived on Friday, they would have been worth $410, for which an agreement for their sale had been made, but, not arriving until Saturday, and the broker, consignee, not notified until Monday, the purchaser declined them, and they sold for $100, the alleged market value at that time.

The issue was one purely of fact for the jury, as to whether the car was transported with reasonable dispatch, and the consignee notified in due time. The court sufficiently so instructed the jury as to such issue, and a verdict was returned for defendant. The jury was also sufficiently informed that any undue delay was attributable to defendant (which was the initial carrier), and its liability was not limited to delay occurring on the lines of defendant. This principle is well understood. Louisville & N. R. Co. v. Jones, 211 Ala. 158, 99 So. 919.

If there was any error in the admission of evidence or the charge of the court relating to the amount of damages, it was without prejudice to appellants, for that the jury returned a verdict for the defendant; and this could only be attributed to a finding that there was no undue delay in the transportation and delivery of the shipment.

Appellants reserved a general exception to the oral charge, for that "the court charged the jury that it was the duty of the railroad to transport the watermelons," on the ground that it was not only their duty to transport but deliver them also. No specific language of the charge is here quoted as the subject of the exception. The rules require this. Knowles v. Blue, 209 Ala. 27, 95 So. 481, and authorities cited; Jordan v. Smith, 185 Ala. 591, 64 So. 317; Birmingham Ry., Light & Power Co. v. Friedman, 187 Ala. 562, 570, 65 So. 939, 941. In the charge we find in some places the duty to deliver the shipment is stated, and in some to transport the shipment. When the exception was stated, the court remarked that he meant transport and deliver. There was not a proper reservation of exception, and the court made the question plain we think that the transportation includes the duty to deliver.

The court cannot be put in error for the failure to comply with an oral request to charge the jury on any proposition involved. Section 9509, Code 1923.

The burden is upon the plaintiff, as a rule, to show that there was unreasonable delay in a shipment when that is the foundation of the suit. Richmond & D. R. Co. v. Trousdale, 99 Ala. 389, 13 So. 23, 42 Am. St. Rep. 69; Louisville & N. R. Co. v. Cheatwood, 14 Ala. App. 175, 68 So. 720; 10 C. J. 301; 4 R. C. L. 916, 917. But this burden is prima facie met, unless the state of the pleadings in the case is held to change the rule, if it is shown that the goods were injured during the transportation; whereupon the burden then is said to be cast upon defendant to show want of liability on account of negligent delay or for any other fault. Atlantic Coast Line R. Co. v. J. W. Maddox & Co., 210 Ala. 444, 98 So. 276; Atlantic Coast Line R. Co. v. Rice, 169 Ala. 265, 52 So. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389; American Ry. Exp. Co. v. Dunnaway, 207 Ala. 392, 92 So. 780; authorities supra. There being no injury to the goods here shown, the burden to prove unreasonable delay in this shipment remained upon the plaintiff. There was evidence from which the jury could infer that appellants had not carried this burden, and, the court having refused the motion for a new trial, we do not feel justified in making a contrary ruling.

There was no other assignment of error which we think needs special treatment.

We find no reversible error assigned.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.